## 19372

W. W. CISSON, Appellant, v. PICKENS SAVINGS AND LOAN ASSOCIATION, Respondent.

(186 S. E. (2d) 822)

*Messrs. Acker and Acker,* of Pickens, *for Plaintiff-Ap-pellant,*

*J. D. Todd, Jr., Esq.,* of *Leatherwood, Walker, Todd & Mann,* Greenville, *for Defendant-Respondent,*

February 16, 1972.

LEWIS, Justice:

This is an appeal from an order granting the motion of defendant for summary judgment. The judgment of the lower court is affirmed.

The present controversy arises out of a prior action brought by plaintiff, W. W. Cisson, in which the defendant, Pickens Savings and Loan Association, intervened as a party and subsequently prosecuted an unsuccessful appeal to this Court. *Cisson v. McWhorter*, 255 S. C. 174, 177 S. E. (2d) 603. A summary of the facts surrounding that action is necessary for a proper understanding of the issues presently involved.

In 1967, one Hoyt McWhorter contracted with plaintiff, W. W. Cisson, a contractor, to construct a dwelling for him and secured a mortgage loan on the property from defendant, Pickens Savings and Loan Association, to pay the construction costs. Upon the completion of the house, disagreement arose as to whether plaintiff had been paid in full, which resulted in the filing of a mechanic's lien by plaintiff against the property of McWhorter for a balance claimed to be due.

Subsequently, an action was brought by plaintiff against McWhorter to foreclose the above mechanic's lien. Defendant, Savings and Loan Association, which held a mortgage over the affected property, was not originally made a party to that action but, upon its motion, was permitted to intervene under an order of court. While defendant did not seek a foreclosure of its mortgage, an answer was filed by it in which it alleged the existence of its mortgage, that plaintiff had been paid in full, and therefore had no right to foreclose the mechanic's lien. The defense of defendant in that action was substantially the same as the one interposed by

McWhorter. Apparently the defenses interposed by both defendant and McWhorter were based upon certain documents executed by plaintiff in connection with the final disbursement of the mortgage loan by defendant, in which plaintiff allegedly acknowledged that he had been paid in full.

In the course of the trial of the prior case, the trial judge dismissed defendant as a party to the action, since foreclosure of its mortgage was not sought and the parties agreed that it was a first lien upon the property involved. The trial resulted in the award of judgment in plaintiff's favor against McWhorter in the sum of $2,993.66. The court then ordered the foreclosure of the mechanic's lien and the sale of the McWhorter property subject to defendant's first mortgage.

McWhorter did not appeal from the foregoing judgment. However, defendant did appeal, basically, upon the grounds that the trial judge erred in dismissing it as a party defendant and in denying it the claimed right to interpose the defense of payment of plaintiff's claim. The appeal resulted in a holding by this Court that the defendant "was not aggrieved by the judgment of the trial court, but rather benefitted thereby, and is without legal right to appeal therefrom." *Cisson v. McWhorter, supra.*

Following the decision by this Court in the prior action, defendant refinanced and increased the amount of its mortgage indebtedness over McWhorter's property from $8,922.17 to $12,400.00. This was done apparently for the purpose of enabling McWhorter to pay plaintiff's judgment and avoid sale of the property under the mechanic's lien. After deducting loan costs, there remained due to McWhorter the sum of $3,385.07 from the proceeds of the additional loan. Out of these funds, McWhorter authorized the payment to plaintiff of the sum of $2,993.66, the face amount of plaintiff's judgment, plus $112.24 as court costs, making a total of $3,105.90. Plaintiff refused to accept that

amount in settlement, contending that he was entitled, in addition, to interest from the date of the rendition of the mechanic's lien judgment. When McWhorter refused to pay the interest demanded and plaintiff refused to accept the amount offered in full settlement of the judgment, defendant paid to McWhorter the sum of $3,385.07, representing full disbursement of the additional loan.

The foregoing was followed by the institution of the present action by the plaintiff against the defendant. In response, defendant answered and filed a motion for summary judgment, the latter upon the grounds that there was no genuine issue as to any material fact and that defendant was entitled to judgment as a matter of law. The lower court granted the motion and this appeal by plaintiff followed.

Defendant based its motion for summary judgment upon numerous documents, letters and affidavits, and the transcript of record in the appeal to this Court in the prior case. In response to the motion, plaintiff relied solely upon the pleadings and filed no counter-affidavits.

The motion for summary judgment was made pursuant to Rule 44 of the Circuit Court Rules. Subsection (d) of the Rule states, in part, as follows:

"When a motion for summary judgment is made and supported as provided in this Rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this Rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

Since plaintiff made no factual showing in opposition to the motion, the lower court was required, under Rule 44, to grant summary judgment, if, under the facts presented by defendant, it was entitled to judgment as a matter of law.

The complaint in this matter purports to set forth two causes of action. The allegations of the first characterize it

as one for malicious abuse of process. Plaintiff, in his brief, says that recovery is sought for alleged abuse of process and/or malicious prosecution. In any event, it is undisputed that the basis for the first cause of action, by whatever name it is designated, is the alleged wrongful intervention by the defendant, as a party, in the prior action, and defendant's subsequent unsuccessful appeal therein to this Court—all done, it is alleged, without probable cause and with malicious intent to damage plaintiff's business and reputation and defeat the collection by plaintiff from McWhorter of an honest debt.

The second cause of action seeks recovery from defendant for the amount of plaintiff's judgment against McWhorter, plus interest thereon, upon the theory that in refinancing McWhorter's loan there was a legal duty upon defendant to withhold an amount sufficient to pay the mechanic's lien judgment, plus interest thereon.

The causes of action present different issues and will be considered separately. Plaintiff argues, with respect to the first, that the record discloses factual issues for determination upon the merits, either on the basis of malicious prosecution or abuse of process. We consider first the contention that the facts constitute malicious prosecution.

We have recognized that an action will lie for the malicious prosecution of "either civil or criminal" proceedings. *Parrott v. Plowden Motor Co.*, 246 S. C. 318, 143 S. E. (2d) 607; *Hyde v. Southern Grocery Stores, Inc.*, 197 S. C. 263, 15 S. E. (2d) 353. In *Parrott*, the action was based upon a criminal prosecution and, in *Hyde*, upon an attachment of property.

Whether or not the action for malicious prosecution covers an ordinary civil action, where there was no arrest or interference with property rights, apparently, has not been heretofore considered in this jurisdiction. It has been considered in other jurisdictions with varying results. Prosser on Torts, (3d) Ed., Section 114, p. 870; 52 Am. Jur. (2d), Malicious Prosecution, Section 10.

While there is authority to the contrary, we find no sound basis to deny a cause of action for malicious prosecution founded upon any ordinary civil proceeding, where the necessary elements are present. This principle has been approved by Restatement of Torts, Section 674 and, as stated by Prosser: "The majority of the American Courts . . . permit an action to be founded on any ordinary civil suit, provided that the necessary elements are present and material damage results."

While there are fundamental differences in their application, because of the nature of the proceedings involved, the action for malicious prosecution of an ordinary civil proceeding is governed by the same general rules and limitations as the action based upon criminal proceedings. Some of the differences in the application of these principles to actions based upon civil proceedings and those based upon criminal prosecutions are pointed out in Prosser on Torts, (3d) Ed., Section 114, p. 873 *et seq.* and in the comments to Section 674 of the Restatement of the Law of Torts. We need not review these differences here.

Therefore, in general, to maintain an action for malicious prosecution of a civil proceeding, it must be shown: (1) defendant instituted a judicial proceeding; (2) want of probable cause; (3) malice in instituting the proceedings; and (4) resulting injury or damage.

However, the present action for malicious prosecution is not based upon the alleged wrongful institution of a judicial proceeding but upon the intervention by defendant, as a party, in an action brought by plaintiff; the interposition of a defense therein; and a subsequent unsuccessful appeal to this Court.

While it would appear that an action for malicious prosecution may be predicated on the interposition of a defense by a defendant, where the other conditions of an action for malicious prosecution are met, Anno: 85 A. L. R. 415, the record here conclusively shows that

the essential elements of an action for malicious prosecution are not present and summary judgment was properly granted against the plaintiff on that ground.

The sole basis for the contention that defendant acted without probable cause and with malice is the fact that the lower court held in the prior action that defendant had no justiciable interest in the litigation and the holding by this Court that defendant was without legal right to appeal.

The mere fact that defendant was unsuccessful in its defense of the prior action and in its appeal has no bearing upon the issue of probable cause. In actions for malicious prosecution based upon civil proceedings, "it is generally agreed that the termination of the proceeding in favor of the person against whom it is brought is no evidence that probable cause was lacking, since in a civil action there is no preliminary determination of the sufficiency of the evidence to justify the suit." Prosser on Torts, (3d) Ed., Section 114, p. 874.

> A want of probable cause cannot be inferred from any degree of malice. *Parrott v. Plowden Motor Co., supra,* 246 S. C. 318, 143 S. E. (2d) 607.

While we recognize the principle that an action for malicious prosecution may be predicated, under proper circumstances, upon an ordinary civil proceeding, such principle is not to be applied so as to hamper the basic right of citizens to sue or defend when sued. Such action does not place a threat of penalty for the mere failure to win; nor prevent one from bringing a civil suit or defending "when he reasonably believes that he has a good chance of establishing it to the satisfaction of the court or jury." Prosser on Torts, (3d) Ed., p. 874.

The undisputed facts are that defendant was permitted to intervene, as a party, in the prior action under an unappealed order of court, issued after a hearing and pursuant to notice to all interested parties. Defendant was not an intermeddler in the litigation. It held a first mortgage over

the property which would be affected by the establishment of plaintiff's mechanic's lien; and also held documents signed by plaintiff purportedly acknowledging that he had received payment in full. The defense interposed by defendant did not inject into the case any new issue because it was substantially the same defense as that alleged by the codefendant McWhorter. While it was held that defendant had no justiciable interest in the litigation, the foregoing constituted sufficient grounds to sustain a reasonable belief on the part of defendant that it was a proper party to the action and entitled to intervene. Such constituted probable cause.

Neither is there presented any genuine issue of fact under the first cause of action for abuse of process. We held in *Huggins v. Winn-Dixie Greenville, Inc.,* 249 S. C. 206, 153 S. E. (2d) 693, quoting from Prosser on Torts, that the essential elements of abuse of process are: "first, an ulterior purpose, and second, a willful act in the use of the process not proper in the regular conduct of the proceeding . . .; and there is no liability where the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions."

The distinction between malicious prosecution and abuse of process was thus drawn in Huggins:

"To cause process to issue without justification is an essential element of malicious prosecution, but not of abuse of process. In the latter, the issuance of the process may be justified in itself; it is the malicious misuse or perversion of the process for an end not lawfully warranted by it that constitutes the tort known as abuse of process."

The facts reveal no abuse of process. The defendant intervened in the action under order of court, filed an answer, and appealed to this Court, solely for the purpose of litigating its contentions with respect to the issues raised by plaintiff's complaint. There was at no time any act or threat not

authorized by the proceedings. This was a lawful use, and not abuse, of process.

The remaining question arises under the second cause of action. Plaintiff seeks to recover from defendant the amount of the McWhorter judgment upon the theory that, since defendant refinanced the mortgage over the property of McWhorter, it was the duty of defendant, in disbursing the additional loan, to retain sufficient funds to pay the judgment and interest.

The judgment sought to be collected was obtained against McWhorter and not against defendant. No obligation on the part of defendant to assume or pay the judgment is shown. The mere fact that defendant refinanced the mortgage indebtedness of McWhorter, in order to provide funds for McWhorter to pay his judgment obligation to plaintiff, created no liability on the part of the defendant to pay plaintiff, if McWhorter failed to so apply the proceeds of his loan. Plaintiff has a judgment establishing his mechanic's lien against the property of McWhorter, and nothing done by defendant has in any way prejudiced the rights of plaintiff under that judgment.

The record conclusively shows that plaintiff has no right to recover against defendant under the second cause of action.

The judgment of the lower court is accordingly affirmed.

Moss, C. J., and BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.