22697

SOUTH CAROLINA NATIONAL BANK, Respondent v. Walter L. COOK, Virginia L. Cook, Tile Distributors, Inc., and Marsh Furniture Company, Defendants, of whom Walter L. Cook and Virginia L. Cook are Appellants.

(354 S. E. (2d) 562)

Supreme Court

*James C. Rushton, III,* and *Mary Layton Wells,* of *Hyman, Morgan, Brown, Jeffords, Rushton & Hatfield,* Florence, *for appellants.*

*David J. Gundling,* of *McCrackin. & Barnett,* Myrtle Beach, *for respondent.*

*H. Eugene Hudson,* Myrtle Beach, *for defendant Tile Distributors, Inc.*

*Robert Demarco,* Charleston, *for defendant Marsh Furniture Co.*

Heard Jan. 20, 1987.

Decided April 6, 1987.

*Per Curiam:*

South Carolina National Bank (SCN) brought this action to foreclose a judgment lien on real property, and the circuit court granted summary judgment in its favor. We affirm.

On November 8, 1977, Myrtle Beach Lumber Company, Inc. (Lumber Company) filed a notice of lis pendens covering the property which is the subject matter of this suit. Lumber Company did not file its summons and complaint with the circuit court until December 1, 1977. As a result of this suit, a deed was recorded on October 24, 1978, transferring the property to Lumber Company. Lumber Company subsequently transferred the property to appellants, the Cooks.

Meanwhile, December 5, 1977, SCN obtained a judgment lien against Ray Herlocker, who at that time owned a one-half undivided interest in the property. SCN initiated a foreclosure action on April 17, 1985, on the basis that the

Cooks had taken the property subject to SCN's lien.

SCN argues the lis pendens filed by Lumber Company ceased to be valid when the complaint was not filed within 20 days thereafter, as required by S. C. Code Ann. § 15-11-10 (1976). Thus, SCN asserts it is not bound by the judgment obtained by Lumber Company and its lien continued to follow the property. We agree.

A properly filed lis pendens binds subsequent purchasers or encumbrancers to all proceedings evolving from the litigation. S. C. Code Ann. § 15-11-20 (1976); *Pipkin v. Fletcher*, 165 S. C. 98, 162 S. E. 774 (1932). However, in this case the filing became improper when the complaint on which it was dependent was not filed within the time required by statute.

The Cooks assert that a lis pendens can only be declared ineffective under S. C. Code Ann. §§ 15-11-30 or 15-11-40 (1976), because those sections expressly refer to the cancellation of a lis pendens. They argue that if the legislature had intended for a lis pendens to be automatically invalid when a complaint was not properly filed, it would have expressly provided for its termination.

This interpretation, however, would render the twenty day requirement imposed under § 15-11-10 meaningless. Full effect must be given to each section of a statute and words should not be added or taken away. *Hartford Accident and Indemnity Company v. Lindsay*, 273 S. C. 79, 254 S. E. (2d) 301 (1979).

The filing of a lis pendens is an extraordinary privilege granted by statute, and strict compliance with the statutory provisions is required. *Schwartz v. Grunwald*, 174 N. J. Super. 164, 415 A. (2d) 1203 (Ch. Div. 1980); *Skoler v. Rimberg,* 20 A. D. (2d) 580, 246 N.Y.S. (2d) 147 (1963); *Hughes v. North Carolina Highway Commission*, 275 N. C. 121, 165 S. E. (2d) 321 (1969); *Arrington v. Arrington*, 114 N. C. 151, 19 S. E. 351 (1894); 51 Am. Jur. (2d) Lis Pendens § 7 (1970); 54 C.J.S. Lis Pendens § 28 (1948); *cf. Multiplex Building Corporation Inc. v. Lyles*, 268 S. C. 577, 235 S. E. (2d) 133 (1977) (mechanic's lien purely statutory, it can only be acquired and enforced according to statutory provisions). Since the legislature clearly intended that a lis pendens not be filed more than twenty days before the

complaint, we hold the premature filing of the lis pendens rendered it invalid. *Schwartz, supra; Blaisdell v. Derees*, 101 N. J. Eq. 723, 139 A. 178 (1927); *Skoler, supra.*

Since the lis pendens filed by Lumber Company was ineffective, SCN was not bound by the prior proceedings and its lien was not extinguished. Thus, the Cooks took the property subject to SCN's lien.

Therefore, the trial judge properly granted summary judgment to SCN, and the order on appeal is

Affirmed.