In re CERTAIN REAL PROPERTY LO-CATED AT LOT 8, BLOCK 4 OF SUMMIT HILLS, CHARLOTTE, NORTH CAROLINA, Deed Book 5944, Page 256, Mecklenburg County Public Registry, Grantee Alvin B. Truesdale, Movant.

In re CERTAIN REAL PROPERTY LO-CATED AT LOT 15, BLOCK 1, ALEXANDER PLACE, CHARLOTTE, NORTH CAROLINA, Deed Book 5580, Page 428, Mecklenburg County Public Registry, Grantee Howard O'Dell Duncan, Sr., and Wife, Corliss H. Duncan, Movant.

In re CERTAIN REAL PROPERTY LO-CATED AT LOT 74 OF HIDDEN VALLEY ADDITION NO. 6, CHARLOTTE, NORTH CAROLINA, Deed Book 3609, Page 189, Mecklenburg County Public Registry, Grantee Alphonso L. Duncan, and Wife, Linda H. Duncan, Movant.

Misc. Nos. 2450–P, 2451–P and 2452–P.

United States District Court,
W.D. North Carolina,
Charlotte Division.

April 24, 1991.

Frank Whitney, Asst. U.S. Atty., Charlotte, N.C.

Harold J. Bender, Bender and Matus, Charlotte, N.C., for movant.

## ORDER

ROBERT D. POTTER, District Judge.

THESE MATTERS are before the Court on motions by the movant properties (hereinafter "Movants"), filed March 26, 1991, to vacate and strike lis pendens placed on the above property by the United States Attorney (hereinafter "the Government"). On

April 16, 1991, the Government filed a response to the motions.

From the sketchy facts before the Court, it appears that the Government contends that the above listed properties were used to facilitate illegal drug activities or are proceeds of such activities. Anticipating that the properties may be subject to seizure and forfeiture pursuant to 18 U.S.C. § 981 and 21 U.S.C. § 881, the Government on October 9, 1990 filed in the Mecklenburg County Registry Notices of Impending Seizure and Forfeiture and Lis Pendens. The purpose of the notice was to place the world on notice of the Government's claim to the property. The property has yet to be seized although two (2) of the Grantees, Howard O'Dell Duncan and Alphonso L. Duncan, have recently been indicted for conspiracy to distribute in excess of five (5) kilograms of cocaine.

In support of the motion, Movants contend that the applicable North Carolina statute, N.C.Gen. § 1–116, for placing a notice of lis pendens on property requires an action to be pending or commenced prior to the notice being filed. Because the forfeiture procedure has not been commenced as of yet, Movants argue that the lis pendens is ineffective and should be stricken.

■ Title 28, United States Code section 1964 provides that the law of the state in which real property is located shall dictate the manner in which constructive notice is given in regards to an action in the United States District Court. In North Carolina, N.C.Gen.Stat. § 1–116 provides in pertinent part:

(a) Any person desiring the benefit of constructive notice of pending litigation must file a separate, independent notice thereof ..., in the following cases:

(1) Action affecting title to real property ...

(c) Notice of pending litigation may be filed:

(1) At or any time after the commencement of an action pursuant to Rule 3 of the Rules of Civil Procedure; or

(2) At or any time after real property has been attached; or

(3) At or any time after the filing of an answer or other pleading in which the pleading party states an affirmative claim for relief falling within the provisions of subsection (a) of this section.

As previously noted, the forfeiture of the property has yet to be commenced. Thus, subsections (c)(1) and (c)(3) are inapplicable in this case. The basis for the notice of lis pendens, therefore, must be found in subsection (c)(2), or not at all.

■ Well settled in forfeiture law is the relation back doctrine. *See Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617, 109 S.Ct. 2646, 2653, 105 L.Ed.2d 528 (1989). The Government's interest in a property subject to forfeiture relates back to the date of illegal use or intended illegal use. *See In re Metmor Financial, Inc.*, 819 F.2d 446, 448 (4th Cir.1987) (noting that no third party can acquire a legally valid interest in the property after the illegal act takes place). Even the innocent owner of property cannot obtain an interest in the property if the illegal acts which subject the property to forfeiture occurred prior to the innocent owner obtaining his interest. The Fourth Circuit has held that "unless a claimant has a claim to the property forfeited which existed prior to the time the acts take place which bring on forfeiture, then the innocent owner provision of the statute has no application." *See In the Case of One Nissan, 300ZX*, 889 F.2d 1317, 1320 (4th Cir.1991).

■ Because the Government's interest in a property relates back to the time of an illegal act, the Court believes that the property became attached pursuant to subsection (c)(2) of N.C.Gen.Stat. § 1–116 prior to or shortly after the Government filed the notice of lis pendens. In other words, the Government's interest in the property vested as soon as the property was used in an illegal manner. Thus, the notice of lis pendens is valid and necessary to place the world on notice of the Government's interest in the property. As one North Carolina court has noted, "N.C.Gen.Stat. § 1–116(a) (1983) makes clear that if neither a foreclosure nor attachment order are involved,

a lis pendens may be filed *only where a legitimate interest in real property may lie".* See *Zinn v. Walker,* 87 N.C.App. 325, 361 S.E.2d 314, 337 (1987) (emphasis added), *review denied,* 321 N.C. 747, 366 S.E.2d 871 (1988). Given the well established nature of the relation back doctrine, the Court believes that the Government has a legitimate interest in the real property at issue in this case, and that the notice of lis pendens is valid and should not be stricken.

 While the Court is not aware of a Fourth Circuit decision upholding the use of a notice of lis pendens prior to forfeiture, a number of other circuits have indicated that such a procedure is a valid means for the Government to place the world on notice of its interest in the property. *See, e.g. United States v. Monsanto,* 924 F.2d 1186, 1193 (2d Cir.1991); *United States v. Certain Real Property Located at 2525 Leroy Lane, West Bloomfield, Michigan,* 910 F.2d 343, 351 (6th Cir.1990), *cert. denied sub nom., Marks v. United States,* —— U.S. ——, 111 S.Ct. 1414, 113 L.Ed.2d 467 (1991); *In re Ramu Corp.,* 903 F.2d 312, 320 (5th Cir.1990); *United States v. The Premises and Real Property at 4492 South Livonia Road, Livonia, New York,* 889 F.2d 1258, 1265 (2d Cir.1989); *United States v. Four Parcels of Real Property on Lake Forrest Circle in Riverchase, Shelby County, Alabama,* 870 F.2d 586, 593 (11th Cir.1989); *In the Matter of the Application of Michael J. Kingsley for the Return of Seized Property,* 802 F.2d 571, 582 (1st Cir.1986). Based on these cases, the Court believes that the procedure used by the Government in this case was reasonable and necessary to protect innocent parties who may otherwise not receive notice of the Government's interest in the property. *See Four Parcels of Real Property,* 870 F.2d at 593 (indicating that because of relation back doctrine, notice of

1. The Court's order in this case is dependent on the Government having shown a reasonable connection between the properties and illegal activities, as well as the notice having only encumbered the property for a reasonable length of time. In the event that the Government was unable to make such a showing, the Court would be reluctant to allow the notice to remain on the property. *See United States v. A Fee*

lis pendens placed subsequent claimant of property on notice).[1] Therefore, the Court will not grant Movants' motions.

NOW, THEREFORE, IT IS ORDERED that the motions by Movants to vacate and strike lis pendens placed on the above property by the Government be, and hereby are, DENIED.

*Simple Parcel of Real Property Situated in the City of Bal Harbour, State of Florida,* 650 F.Supp. 1534, 1543 (E.D.La.1987) (holding that "the Court is accordingly reluctant to allow the lis pendens to continue to burden the alienability of the property" where the Government did not show property was subject to forfeiture action).