**UNITED STATES of America, Plaintiff,**

v.

**Hugh L. TAYLOR and Betty B. Taylor, Defendants,**

**J. Leon Hix, B. Scott Streetman, and William J. Merrill, Intervenors.**

**No. 6:99–947–24.**

United States District Court, D. South Carolina, Greenville Division.

Sept. 30, 2003.

James D. McCoy, III, US Attorneys Office, Greenville, SC, Brian Kaufman, Cynthia Lewis Stier, US Department of Justice, Washington, DC, Ronald Gibson Bruce, Ronald G Bruce Law Office, Greer, SC, for Plaintiffs.

Hugh L. Taylor, pro se, Greer, SC, for Defendant.

William F. Able, William Able Law Office, Irmo, SC, for Defendant.

Betty B. Taylor, pro se, Greer, SC, for Defendant.

1. Despite being served with Plaintiff's Motion for Second Amended Order of Sale at their last-known address, Defendants Hugh L. Taylor and Betty B. Taylor never appeared or filed a response opposing the motion. The court held a telephone status conference on April 2, 2003, during which Defendants' former attorney, William F. Able, Esq., indicated that he had no contact with Defendants. Defendants have never informed the court of any change of address or change in representation.

2. Because all federal income tax liabilities of Defendant Hugh L. Taylor have been satisfied and a Certificate of Release of Federal Tax

## ORDER

SEYMOUR, District Judge.

This matter is before the court on a Motion for Second Amended Order of Sale filed by Plaintiff United States of America on November 27, 2002. On December 10, 2002, Intervenors J. Leon Hix, B. Scott Streetman, and William J. Merrill, the current owners of the property, filed a motion to intervene, which the court granted on February 10, 2003. On May 7, 2003, Intervenors filed a memorandum of fact and law in opposition to Plaintiff's motion, to which Plaintiff replied on May 12, 2003.[1] In addition, Plaintiff filed a supplement to its motion on July 16, 2003. The court held a telephone hearing on August 12, 2003, and after considering the pleadings, motion, memoranda, and other exhibits offered by the parties in support of their respective positions, the court concludes that Plaintiff's motion should be granted.

## FACTS

The facts in the present action are undisputed.[2] On December 1, 1988, the Taylors purchased the subject residential real property situated in Greenville County, South Carolina. The property address is 3564 Jug Factory Road, Greer, South Carolina.[3] Betty Taylor failed to file a federal

Lien as to his liabilities was filed on September 20, 2001, the court shall only recount the facts as they relate to Betty Taylor.

3. The former address of the subject property, and the address identified in the court's September 28, 2000, October 18, 2000, and May 2, 2001 orders and judgments, was 3540 Jug Factory Road, Greer, South Carolina. The record is unclear as to why the address was changed, but neither party disputes that the legal description of the subject property remains unchanged, and that the property formerly identified as 3540 Jug Factory Road and the property presently identified as 3564 Jug Factory Road are one and the same.

income tax return for the taxable year 1989.

The Taylors voluntarily conveyed to their daughter, Connie Taylor Nemeck, by deed dated March 8, 1993, all rights, title, and interest in the subject property. The deed was recorded on the same day in Greenville County, South Carolina. Nemeck voluntarily conveyed to her brother, George R. Taylor, by deed dated September 1, 1993, all rights, title, and interest in the subject property. The deed was recorded on October 12, 1993, in Greenville County, South Carolina. George Taylor voluntarily re-conveyed to his father, Hugh Taylor, by deed dated July 31, 1998, all rights, title, and interest in the subject property. The deed was recorded on August 5, 1998 in Greenville County, South Carolina.

On October 26, 1996, a Notice of Federal Tax Lien was filed with the Register of Mesne Conveyance in Greenville County, South Carolina. The lien pertains to Betty Taylor's outstanding federal income tax liabilities for the taxable year 1989.

On April 5, 1999, Plaintiff filed the within action to collect the outstanding federal income tax liabilities of the Taylors, to foreclose federal tax liens on the Taylors' real property, to obtain an order permitting the Taylors' real property to be sold, and to obtain a deficiency judgment for any amount remaining unsatisfied after application of the sale proceeds. On April 9, 1999, Plaintiff filed a Notice of Lis Pendens in Greenville County, South Carolina to give notice of the within action concerning the subject property.

By order and judgment entered September 28, 2000, the court granted summary judgment in favor of Plaintiff, finding that Betty Taylor's 1989 tax liability may be

foreclosed on the subject property. It entered a Judgment of Foreclosure and Order of Sale on October 18, 2000. In *United States of America v. Hugh L. Taylor & Betty B. Taylor*, 6 Fed.Appx. 169 (4th Cir.2001), the Fourth Circuit Court of Appeals affirmed the court's decision. On May 2, 2001, the order and judgment were amended to correct a clerical error.

On September 14, 2001, Hugh Taylor sold the subject property to Intervenors. On May 8, 2002, Plaintiff recorded the Amended Judgment with the Register of Deeds in Greenville County, South Carolina. Betty Taylor's 1989 tax liability remains unpaid, and on November 27, 2002, Plaintiff filed the within Motion for Second Amended Order of Sale of the subject property in order to satisfy that liability. A delegate of the Internal Revenue Service made an assessment of unpaid federal income taxes, interest, and penalties against Betty Taylor. As of August 30, 2002, the unpaid balance of assessment equals Five Thousand, Eighteen and 53/100 Dollars ($5,018.53),[4] the accrued interest equals Six Thousand, Eighty–Two and 11/100 Dollars ($6,082.11), and the accrued penalties equal Five Hundred Forty–Two Dollars ($542.00). Accordingly, the total balance due as of August 30, 2002 equals Eleven Thousand, Six Hundred Forty–Two and 64/100 Dollars ($11,642.64).

### ANALYSIS

Intervenors contend that the court should deny Plaintiff's motion for an order of sale because they are bona fide purchasers for value of the subject property without either actual or constructive notice of Plaintiff's tax lien. Plaintiff counters that the Notice of Lis Pendens filed on April 9,

---

4. Although the court's May 2, 2001 amended order and judgment indicates that Betty Taylor's unpaid balance of assessment equaled Five Thousand, Thirteen and 53/100 Dollars ($5,013.53), the new balance reflects a Five Dollar ($5.00) refiling fee for the Notice of Federal Tax Lien, which was refiled on March 1, 1999.

1999 provides constructive notice of its lien. The court agrees.

Title 28, United States Code, section 1964 provides that the law of the state in which real property is located shall dictate the manner in which constructive notice is given in regards to an action in the United States District Court. *See also In re Certain Real Property Located at Lot 8, Block 4 of Summit Hills, Charlotte, N.C.,* 763 F.Supp. 150, 151 (W.D.N.C.1991). Under South Carolina law, a party may file a notice of lis pendens in an action affecting title to real property. *See* S.C.Code Ann. § 15–11–10 (Law Co-op.1976). From the time of its filing, a notice of lis pendens:

> shall be constructive notice to a purchaser or encumbrancer of the property affected thereby, and every person whose conveyance or encumbrance is subsequently executed or subsequently recorded shall be deemed a subsequent purchaser or encumbrancer and shall be bound by all proceedings taken after the filing of such notice to the same extent as if he were made a party to the action.

*Id.* § 15–11–20; *see also S.C. Nat'l Bank v. Cook,* 291 S.C. 530, 354 S.E.2d 562, 562 (1987); *MI Co., Ltd. v. McLean,* 325 S.C. 616, 482 S.E.2d 597, 603 (App.1997).

In the present case, Plaintiff filed a Notice of Lis Pendens on April 9, 1999, over two years prior to Intervenors' purchase of the subject property on September 14, 2001. As a result, Intervenors had constructive notice of the litigation and any resulting lien when they purchased the subject property, *see MI Co., Ltd.,* 482 S.E.2d at 602, and are bound by the court's May 2, 2001 order that Betty Taylor's 1989 tax liability may be foreclosed on that property. *See* S.C.Code Ann. § 15–11–20.

Intervenors' reliance on the South Carolina recording statute is misplaced because the recording statute protects a subsequent purchaser against a prior lien only if he has no knowledge of the outstanding lien and records his conveyance before the lien is recorded. S.C.Code Ann. § 30–7–10 (Law Co-op.1991). Not only did Intervenors have constructive knowledge of the outstanding lien, but Plaintiff recorded the tax lien on October 24, 1996, prior to Intervenors' purchase of the subject property on September 14, 2001. As a result, Intervenors could not record the conveyance before Plaintiff recorded the lien. The court finds Intervenors' alternative argument that Plaintiff was required to file the court's amended judgment with the Greenville County Clerk of Court prior to their purchase of the property to be unavailing because the court has determined that the initial lis pendens constituted adequate notice. Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Second Amended Order of Sale of the property located at 3564 Jug Factory Road, Greer, South Carolina be **granted.** The court shall issue a Second Amended Order of Sale to be filed contemporaneously herewith.

**IT IS SO ORDERED.**