WILLIAMS, J.:
*76 **545 In this civil case, Benjamin C. Gecy, River City Developers, LLC, and River City Real Estate, LLC (collectively, River City) appeal the circuit court's order granting partial summary judgment to Hilton C. Smith, Jr., Coosaw Investments, LLC, and Hilton C. Smith, Jr., Inc. of South Carolina (collectively, Coosaw) on River City's malicious prosecution claim. On appeal, River City argues the circuit court erred in finding River City was unable to prove the element of favorable termination of proceedings. We affirm.
FACTS/PROCEDURAL HISTORY
River City is a residential construction company owned by Benjamin C. Gecy. Coosaw was the real estate developer of Somerset Point at Lady's Island (Somerset Point), a subdivision in Beaufort, South Carolina. River City built several homes and improvements on lots in Somerset Point. As developer, Coosaw created and controlled the Somerset Point Homeowner's Association (HOA). In 2011, River City allegedly informed the HOA it believed Coosaw, and the construction companies it controlled, deviated from and modified the design and construction standards mandated for the subdivision. River City claims Hilton C. Smith, Jr., as agent for the HOA, responded to these allegations by accusing River City of deviating from new design standards the HOA issued for the subdivision and demanding payment of fees and fines from River City.
As a result of this dispute, River City filed a lawsuit against Coosaw on September 20, 2011 (the 2011 action), which alleged causes of action for breach of fiduciary duty, breach of contract, and unfair trade practices. Coosaw counterclaimed and crossclaimed against River City for violating the HOA's design standards and sought a temporary injunction to block River City from continuing construction in Somerset Point. Coosaw also filed a notice of lis pendens that described a piece of **546 property in Somerset Point-Lot 16--as affected by the litigation.
River City moved to strike the notice of lis pendens on the ground that Coosaw never included any information about Lot 16 in its counterclaim and crossclaim for injunctive relief. The master-in-equity agreed, and struck the notice of lis pendens finding "the [c]ounterclaim and [c]rossclaim do not seek to affect the title to the subject real property in this litigation." Coosaw filed a motion seeking reconsideration of the master's decision to strike the notice of lis pendens. During the hearing on Coosaw's motion to reconsider, the master also considered a motion from River City to strike an assessment lien placed on Lot 16 by Coosaw. The master ultimately denied both Coosaw's motion to reconsider the master's decision to strike the notice of lis pendens and River City's motion to strike the assessment lien placed on Lot 16 by Coosaw. The master issued a written order explaining his findings:
I find that the harm to River City in granting [Coosaw]'s Motion to Reconsider outweighs the benefit to [Coosaw] if the [notice of] Lis Pendens remains in place. Striking the [notice of] Lis Pendens will allow River City's lender to resume providing construction draws and River City's project can then be completed. [Coosaw's assessment] lien, however, is subordinate to River City's loan which should not prohibit the lender from dispensing construction draws to River City. I find that balancing the equities in this case is appropriate.
Coosaw appealed the master's order to this Court, but it ultimately withdrew the appeal after River City's sale of Lot 16 rendered the issue moot.
On October 23, 2014, River City filed the lawsuit at issue in this appeal, alleging causes of action for malicious prosecution and abuse of process based on Coosaw's filing of the *77 notice of lis pendens in the 2011 action. As to its malicious prosecution cause of action, River City asserted in its complaint, "With respect to the unlawful [notice of] Lis Pendens ... th[ose] proceedings have been terminated in [River City]'s favor." However, all of the causes of action alleged by both parties in the 2011 action remain pending before the circuit court. **547 Coosaw filed a motion for summary judgment on River City's malicious prosecution claim, arguing there was never a favorable termination of proceedings for River City. At the motion hearing, River City specifically argued it received a favorable termination of proceedings: the master's removal of the notice of lis pendens. Coosaw asserted there was no favorable termination for River City because the master removed the notice of lis pendens on equitable, not substantive grounds. The circuit court granted Coosaw's summary judgment motion on River City's malicious prosecution claim finding, "[River City] is unable to prove the element of termination of [the underlying] proceeding in [River City]'s favor." The circuit court determined the master based his removal of the notice of lis pendens on equitable, not substantive grounds and found there was no favorable termination. River City filed a motion seeking reconsideration, which the circuit court denied. This appeal followed.
ISSUES ON APPEAL
I. Will the favorable termination of a notice of lis pendens support an action for malicious prosecution?
II. Must the party who obtains the favorable termination of a notice of lis pendens also obtain favorable termination of the cause of action for which the notice of lis pendens was issued before and in order to bring an action for malicious prosecution?
III. Was there a favorable termination of the notice of lis pendens in this case?
IV. Should novel questions of law have been decided without the opportunity to develop the facts fully?[1]
STANDARD OF REVIEW
"In reviewing the grant of a summary judgment motion, the appellate court applies the same standard that governs the [circuit] court under Rule 56(c), SCRCP." Law v. S.C. Dep't of Corr. , 368 S.C. 424, 434, 629 S.E.2d 642, 648 (2006). "[Summary] judgment ... shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions **548 on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), SCRCP. "In determining whether any triable issues of fact exist, the evidence and all inferences which can be reasonably drawn from the evidence must be viewed in the light most favorable to the nonmoving party." Hancock v. Mid-South Mgmt. Co. , 381 S.C. 326, 329-30, 673 S.E.2d 801, 802 (2009). "Summary judgment is proper whe[n] plain, palpable, and indisputable facts exist on which reasonable minds cannot differ." Rothrock v. Copeland , 305 S.C. 402, 405, 409 S.E.2d 366, 368 (1991).
"[The appellate court is] free to decide a question of law with no particular deference to the circuit court." Catawba Indian Tribe of South Carolina v. State , 372 S.C. 519, 524, 642 S.E.2d 751, 753 (2007).
LAW/ANALYSIS
I. Malicious Prosecution - Favorable Termination
River City argues the circuit court erred in finding River City failed to establish the third element--favorable termination of proceedings--required to bring a claim for malicious prosecution.[2] We disagree.
"[T]o maintain an action for malicious prosecution, a plaintiff must establish: (1) the institution or continuation of original *78 judicial proceedings; (2) by or at the instance of the defendant; (3) termination of such proceedings in plaintiff's favor; (4) malice in instituting such proceedings; (5) lack of probable cause; and (6) resulting injury or damage." Law, 368 S.C. at 435, 629 S.E.2d at 648 (quoting Parrott v. Plowden Motor Co. , 246 S.C. 318, 321, 143 S.E.2d 607, 608 (1965) ). "An action for malicious prosecution fails if the plaintiff cannot prove each of the required elements by a preponderance of the evidence, including malice and lack of probable cause." Law , 368 S.C. at 435, 629 S.E.2d at 648. **549 A. Ancillary Proceedings
First, River City asserts the master's removal of the notice of lis pendens constituted a favorable termination because (1) the filing of a notice of lis pendens is an ancillary proceeding and (2) a favorable termination of ancillary proceedings will support a malicious prosecution claim. River City quotes Professor Prosser and the Restatement (Second) of Torts as authority to support its argument that a favorable termination of ancillary proceedings can support a malicious prosecution claim.[3]
In South Carolina, lis pendens is a statutory doctrine designed to inform prospective purchasers or encumbrancers that a particular piece of property is subject to litigation. See S.C. Code Ann. § 15-11-10 (2005) ; Shelley Constr. Co., v. Sea Garden Homes, Inc. , 287 S.C. 24, 30, 336 S.E.2d 488, 491 (Ct. App. 1985). "A properly filed [notice of] lis pendens binds subsequent purchasers or encumbrancers to all proceedings evolving from the litigation." Pond Place Partners, Inc. v. Poole , 351 S.C. 1, 16, 567 S.E.2d 881, 889 (Ct. App. 2002) (quoting S.C. Nat'l Bank v. Cook , 291 S.C. 530, 532, 354 S.E.2d 562, 562 (1987) ). "Generally, the filing of a [notice of] lis pendens places a cloud on title which prevents the owner from freely disposing of the property before the litigation is resolved." Id. at 17, 567 S.E.2d at 889.
The lis pendens mechanism is not designed to aid either side in a dispute between private parties. Rather, [the notice of] lis pendens is designed primarily to protect unidentified third parties by alerting prospective purchasers of property as to what is already on public record, that is, the fact of a suit involving property. Thus, it notifies potential purchasers that there is pending litigation that may affect their title to real property and that the purchaser will take subject to the judgment, without any substantive rights.
**550 Id. (quoting 51 Am. Jur. 2d Lis Pendens § 2 (2000) ). "Whe[n] no real property is implicated ... a notice of [lis pendens] need not be filed." Id. at 18, 567 S.E.2d at 890. "The jurisdictions are in agreement that the proper action against a maliciously filed [notice of] lis pendens is under abuse of process or malicious prosecution." Id. at 31, 567 S.E.2d at 897.
River City contends the filing of a notice of lis pendens should be considered an ancillary proceeding because of its similarity to attachment proceedings. We do not agree with this comparison. "Attachments are statutory proceedings ... intended to summarily dispossess a party of his property, and to hold it subject to the result of an action in progress." Wando Phosphate Co. v. Rosenberg , 31 S.C. 301, 301, 9 S.E. 969, 970 (1889). The notice of lis pendens does not dispossess anyone of property; it is merely another form of pleading that does not provide any substantive right. See Pond Place , 351 S.C. at 30, 567 S.E.2d at 896 ("We find a lis pendens filed in conjunction with an action involving the same real estate is merely another form of pleading."); see also Adhin v. First Horizon Home Loans , 44 So.3d 1245, 1251-52 (Fla. Dist. Ct. App. 5th Dist. 2010) ("The filing of a notice of lis pendens does not create an interest in property, nor does it create any superior substantive property rights."). In fact, a notice of lis pendens does *79 not initiate any proceedings, it is simply a notice, typically filed with a complaint, containing the names of the parties, the object of the action, and a description of the property affected by the lawsuit. See § 15-11-10.
River City cites an opinion from the Intermediate Court of Appeals of Hawaii on whether the filing of a notice of lis pendens is an ancillary proceeding. See Isobe v. Sakatani , 127 Hawai'i 368, 279 P.3d 33 (Haw. Ct. App. 2012). The court in Isobe found a notice of lis pendens was an ancillary proceeding due to a concern that a notice of lis pendens could operate as a burden on property separate and apart from the underlying claim. Id. at 52. We find a notice of lis pendens differs from ancillary proceedings based on our precedent that a notice of lis pendens "has no existence separate and apart from the litigation of which it gives notice." Pond Place , 351 S.C. at 32, 567 S.E.2d at 897. The notice of lis pendens is "designed primarily to protect unidentified third parties by alerting prospective purchasers of property as to what is **551 already on public record, that is, the fact of a suit involving property." Id. at 17, 567 S.E.2d at 889 (quoting 51 Am.Jur.2d Lis Pendens § 2 (2000) (emphasis added)). Although a notice of lis pendens could burden a third party attempting to purchase the affected property, that burden is directly related to the underlying litigation associated with the notice of lis pendens. As this Court has recognized, a notice of lis pendens is merely another form of pleading in the litigation of which it gives notice. See id. at 30, 567 S.E.2d at 896. Ancillary proceedings are defined as "[o]ne growing out of or auxiliary to another action or suit, or which is subordinate to or in aid of a primary action, either at law or in equity." Ancillary Proceeding , Black's Law Dictionary (5th ed. 1979). Because the listing of a notice of lis pendens only acts as a "republication of the proceedings" initiated in the underlying action, we find the filing of a notice of lis pendens is not an ancillary proceeding. Pond Place , 351 S.C. at 25, 567 S.E.2d at 894.
B. Removal of the Notice of Lis Pendens
Second, River City argues it proved the favorable termination element because the master's decision to remove the notice of lis pendens was "final, substantive, and on the merits." River City claims the master made a clear decision to remove the notice of lis pendens based on the applicable law.
South Carolina courts have not specifically addressed the favorable termination element of a malicious prosecution claim arising out of a civil proceeding. In Cisson v. Pickens Savings & Loan Association , our supreme court recognized a cause of action for malicious prosecution "founded upon any ordinary civil proceeding." 258 S.C. 37, 43, 186 S.E.2d 822, 825 (1972). Although the Cisson court did not specifically address the favorable termination element, the court did state "the action for malicious prosecution of an ordinary civil proceeding is governed by the same general rules and limitations as the action based upon criminal proceedings." Id . In criminal proceedings, our supreme court has found a favorable termination of proceedings was established to support a malicious prosecution claim when (1) criminal charges were dismissed;[4] (2) a defendant was charged with commission of a crime and exonerated; [5]
**552 and (3) criminal charges were nolle prossed for reasons which imply or are consistent with innocence.[6] Conversely, our supreme court found a favorable termination did not occur when a defendant voluntarily entered into and successfully completed a pretrial intervention program,[7] or when a defendant entered into a voluntary settlement of criminal charges.[8] In the criminal cases involving a favorable termination, the favorable termination *80 was on the merits of the dispute underlying the malicious prosecution claim.
The Cisson court noted "[s]ome of the differences in the application of these principles to [malicious prosecution] actions based upon civil proceedings and those based upon criminal prosecutions are pointed out in Prosser on Torts , (3d) Ed., Section 114 ... and in the comments to Section 674 of the Restatement of the Law of Torts." 258 S.C. at 43, 186 S.E.2d at 825. In their discussion of the favorable termination element, Professors Prosser and Keeton explain some jurisdictions have found, "[T]he termination must not only be favorable to the accused, but must also reflect the merits and not merely a procedural victory." Prosser and Keeton on The Law of Torts at 874; see also 3 Dan B. Dobbs et al., The Law of Torts 414 (2nd ed. 2011) ("Favorable termination is not necessarily a termination on the merits, but it is usually a termination that tends to reflect on the probable merits."). The requirement that a favorable termination reflect the merits of the underlying action is also found in other secondary sources. See 54 C.J.S. Malicious Prosecution § 60 (2018) ("For the termination of the underlying action to be deemed favorable to the defendant in the underlying action, as an element of malicious prosecution, the termination must reflect on the merits of the underlying action."); 52 Am. Jur. 2d Malicious Prosecution § 29 (2018) ("[A]ll that is required is that the termination reflect on the merits of the [underlying] action."). South Carolina courts have repeatedly cited to these sources when examining malicious prosecution claims. See **553 Cisson , 258 S.C. at 42, 186 S.E.2d at 825 ; McKenney , 304 S.C. at 22, 402 S.E.2d at 888 ; Elletson , 231 S.C. at 575, 99 S.E.2d at 389.
From a policy perspective, the requirement that a favorable termination reflect the merits of an action fosters the "strong judicial policy against the creation of two conflicting resolutions arising out of the same or identical transaction." Heck v. Humphrey , 512 U.S. 477, 484, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) (quoting 8 S. Speiser, C. Krause, & A. Gans, American Law of Torts § 28:5, p. 24 (1991)). Without the requirement that a termination reflect the merits, a party could obtain a favorable result in a malicious prosecution action while the claim underlying the malicious prosecution action was still pending. This could theoretically result in a party receiving two conflicting decisions arising from the same case: a favorable decision on the malicious prosecution action and an unfavorable decision on the underlying claim.
Based on our review of the sources addressing this element, we interpret the element of favorable termination of proceedings to mean a termination reflective of the merits. See Prosser and Keeton on The Law of Torts at 874; 54 C.J.S. Malicious Prosecution § 60 (2018) ; 52 Am. Jur. 2d Malicious Prosecution § 29 (2018). This interpretation means a termination consistent with a finding for the defendant on substantive grounds and not based solely on technical or procedural considerations. See 52 Am. Jur. 2d Malicious Prosecution § 42 (2018) ; Vitauts M. Gulbis, Annotation, Nature of termination of civil action required to satisfy element of favorable termination to support action for malicious prosecution , 30 A.L.R.4th 572, Art. 3 (1984). For example, a case's dismissal based on the statute of limitations would not be a favorable termination because a decision on the statute of limitations does not reflect the merits of the action. Palmer Dev. Corp. v. Gordon , 723 A.2d 881, 885 (Me. 1999). We believe this holding is in accordance with the aforementioned criminal cases because the terminations in these criminal cases reflected on the innocence of the accused. See Jennings , 171 S.C. at 498, 172 S.E. at 873 (finding a favorable termination when criminal charges against a defendant were dismissed); Elletson , 231 S.C. at 570, 99 S.E.2d at 386 (finding a favorable termination when a defendant was charged with commission of a crime and exonerated); McKenney , 304 S.C. at 21, 402 S.E.2d at 888 **554 (finding a favorable termination when criminal charges were nolle prossed for reasons which imply or are consistent with innocence). Finally, we caution that our interpretation of this element only applies to a malicious prosecution claim founded upon a civil proceeding.
Turning to the present case, we find River City failed to establish the favorable *81 termination element of its malicious prosecution claim because we find a party's successful removal of a notice of lis pendens alone does not constitute a favorable termination to support a malicious prosecution claim. The underlying action on the merits remains pending; thus, this action is premature. River City's success in striking the notice of lis pendens alone does not equate to a finding in its favor on any substantive ground. See 52 Am. Jur. 2d Malicious Prosecution § 42 (2018). A notice of lis pendens is fundamentally procedural because it merely serves as another form of pleading and does not confer any substantive right. See Pond Place , 351 S.C. at 30, 567 S.E.2d at 896 ("We find a lis pendens filed in conjunction with an action involving the same real estate is merely another form of pleading."); see also Adhin , 44 So.3d at 1251-52 ("The filing of a notice of lis pendens does not create ... any superior substantive property rights."). A notice of lis pendens is typically filed with a complaint, and only contains the names of the parties, the object of the action, and a description of the property affected by the lawsuit. See § 15-11-10 (2005). The notice "has no existence separate and apart from the litigation of which it gives notice." Pond Place , 351 S.C. at 32, 567 S.E.2d at 897. Therefore, we find River City needs to obtain a favorable termination reflecting the merits of the action associated with the notice of lis pendens before it can assert a malicious prosecution claim founded upon the filing of the notice of lis pendens.
We caution that we do not find a maliciously filed notice of lis pendens can never operate as the primary basis for a malicious prosecution claim. We still agree, as this Court found in Pond Place , that "the proper action against a maliciously filed [notice of] lis pendens is under abuse of process or malicious prosecution." Id. at 31, 567 S.E.2d at 897. Our finding is that a maliciously filed notice of lis pendens can act **555 as the primary basis for a malicious prosecution claim, provided the party bringing the claim can establish a favorable termination reflective of the merits of the underlying action associated with the filing of the notice of lis pendens.
Other jurisdictions have also required favorable termination of the action underlying the filing of a notice of lis pendens before a defendant can file a malicious prosecution claim founded on the filing of the notice of lis pendens. See Whyburn v. Norwood , 47 N.C.App. 310, 267 S.E.2d 374, 377 (1980) (finding defendant's cause of action for malicious prosecution based on filing of a notice of lis pendens was premature because there was no termination of the former claim favorable to the defendant); N. Triphammer Dev. Corp. v. Itacha Assocs. , 704 F.Supp. 422, 428 (S.D.N.Y. 1989) (finding a cause of action for the malicious filing of a notice of lis pendens first requires a favorable termination of the claim underlying the filing of the notice of lis pendens); Hewitt v. Rice , 154 P.3d 408, 412 (Colo. 2007) (en banc) ("We have consistently held that whe[n] a lis pendens forms the basis of a malicious prosecution claim, the lis pendens action must be terminated in favor of the plaintiff."); Palmer Dev. Corp. , 723 A.2d at 884 ("[T]here is a requirement in the malicious prosecution action that the proceeding has terminated favorably to the plaintiff, and that the favorable termination be on the merits, or at least reflect the merits, of the action.").
Here, the circuit court's order granting summary judgment to Coosaw explained the master based his removal of the notice of lis pendens on equitable, not substantive grounds. Specifically, the master weighed the benefits and burdens on the parties of keeping the notice of lis pendens in place. Neither the master's order striking the notice of lis pendens nor the master's order denying Coosaw's motion for reconsideration address the merits of the claims in the underlying action. Without a favorable termination reflecting the merits of the underlying action, we find River City's malicious prosecution claim premature. See Law , 368 S.C. at 435, 629 S.E.2d at 648 ("An action for malicious prosecution fails if the plaintiff cannot prove each of the required elements by a preponderance of the evidence."). Therefore, we affirm the circuit court's order granting summary judgment to Coosaw because the removal of a notice of lis pendens does not reflect **556 the merits of the underlying action *82 and thus cannot serve as a favorable termination for the purposes of a malicious prosecution claim.[9]
II. Novel Questions of Law
River City contends summary judgment was inappropriate because this case presents novel questions of law and the circuit court should have afforded the parties the opportunity to fully develop the facts. We disagree.
In granting summary judgment, the circuit court considered each party's arguments, memoranda, and exhibits on all of the elements of River City's cause of action for malicious prosecution. The circuit court also reviewed the master's order removing the notice of lis pendens to determine the exact reasons for the master's decision. We find the parties could not have developed any additional facts on the issue of favorable termination of proceedings. Law , 368 S.C. at 435, 629 S.E.2d at 648 ("An action for malicious prosecution fails if the plaintiff cannot prove each of the required elements by a preponderance of the evidence."). Moreover, "[t]he mere fact that a case involves a novel issue does not render summary judgment inappropriate." Houck v. State Farm Fire & Cas. Ins. , 366 S.C. 7, 11, 620 S.E.2d 326, 329 (2005). We affirm.
CONCLUSION
Accordingly, the decision of the circuit court is
AFFIRMED.
HUFF and SHORT, JJ., concur.

Because River City's first three issues all focus on interpreting the same element of a malicious prosecution action, we address these issues together.

Coosaw concedes the filing of a notice of lis pendens can support a malicious prosecution action once the underlying action is terminated provided that the party filing the malicious prosecution action meets all of the elements of the claim.

Restatement (Second) of Torts § 674 (Am. Law Inst. 1977) ("Even though the principal proceedings are properly brought, the ancillary proceedings may be wrongfully initiated. In this case the wrongful procurement and execution of the ancillary process subjects the person procuring it to liability."); Robert E. Keeton et al. , Prosser and Keeton on The Law of Torts 892 (W. Page Keeton ed., 5th ed. 1984) (discussing the ancillary proceedings exception to the rule requiring proof of favorable termination).

Jennings v. Clearwater Mfg. Co. , 171 S.C. 498, 172 S.E. 870 (1934).

Elletson v. Dixie Home Stores , 231 S.C. 565, 99 S.E.2d 384 (1957).

McKenney v. Jack Eckerd Co. , 304 S.C. 21, 402 S.E.2d 887 (1991).

Jordan v. Deese , 317 S.C. 260, 262, 452 S.E.2d 838, 839 (1995).

Jennings , 171 S.C. at 498, 172 S.E. at 870.

Lastly, we note our finding here does not impact River City's cause of action for abuse of process still pending before the circuit court. See Pond Place , 351 S.C. at 31, 567 S.E.2d at 897 ("The jurisdictions are in agreement that the proper action against a maliciously filed lis pendens is under abuse of process or malicious prosecution."). Moreover, "The abuse of process tort provides a remedy for one damaged by another's perversion of a legal procedure for a purpose not intended by the procedure." Food Lion, Inc. v. United Food & Commercial Workers Intern. Union , 351 S.C. 65, 69, 567 S.E.2d 251, 253 (Ct. App. 2002). We find this tort to be the more appropriate action to take against an alleged maliciously filed notice of lis pendens when there has not yet been a favorable termination that reflects the merits of the underlying claim.