18829

BURRIS CHEMICAL, INC., Respondent, v. DANIEL
CONSTRUCTION COMPANY, Appellant
(163 S. E. (2d) 618)

*Messrs. Haynsworth, Perry, Bryant, Marion & Johnstone,* of Greenville, *for Appellant,*

*Messrs. Jefferies, McLeod; Unger & Fraser,* of Walterboro, *for Respondent,*

October 1, 1968.

LITTLEJOHN, Justice:

The defendant, Daniel Construction Company, contracted with the plaintiff, Burris Chemical, Inc., to build an industrial plant for Burris in York County, South Carolina. Upon completion of the building a dispute arose as to the consideration to be paid by the chemical company and received by the construction company. The chemical company instituted this action in Colleton County, South Carolina, for a declaratory judgment to adjust the rights of the parties.

The commencement of the action was by service of the summons and complaint on an employee, R. L. Anderson,

at the construction site in Colleton County. The construction company filed a motion to quash the service of process, and filed an objection to jurisdiction. The lower court, by its order, overruled both the motion to quash service and the objection to jurisdiction, holding that the service was proper and that the objection to jurisdiction should not be sustained. From such order the construction company appeals.

The record reveals, and the judge of the lower court was justified in finding, that R. L. Anderson was the highest ranking employee on the construction site, and was in charge of fifteen men who were, under his supervision, completing the construction of a factory costing not less than approximately $400,000 nor more than approximately $600,000. It is admitted by this employee that he had authority to make purchases on behalf of the company, though not to exceed $100 in amount, and that he was acting General Superintendent.

The project under construction in Colleton County was being built for the Stevens Company, which bears no relationship to the chemical company in York County.

There was on the premises at the Stevens factory in Colleton a mobile trailer used as an office and other construction equipment owned by the construction company and used during the period of construction.

Section 10-421 of the Code of Laws of South Carolina relating to service of process on a corporation provides: "If the suit be against a corporation, the summons shall * * * be served by delivering a copy thereof to the * * * agent thereof: *provided, further,* that in the case of domestic or foreign corporations, service as affected under the terms of this section shall be effective and confer jurisdiction over any domestic or foreign corporation in any county where such domestic or foreign corporation shall own property and transact business * * *."

It is the contention of the appellant that Anderson was not such an agent, and the construction company did not own property, and did not transact business within the contemplation of this code section.

We are of the opinion that Anderson was such an agent upon whom service binding his principal corporation could be made. The question is not whether the defendant maintained an agent for the purpose of conducting its corporate business in Colleton County so as to constitute it a resident of Colleton County on that basis alone for venue purposes (*e. g., Peoples v. Orkin Exterminating Co.,* 244 S. C. 173, 135 S. E. (2d) 845 (1964); the question is whether the employee was an agent for purposes of service within the meaning of Section 10-421.

The principal object of service of process is to give notice to the defendant corporation of the proceedings against it. Service upon a common laborer would normally be insufficient because such would not likely give notice to the corporation. It cannot be logically argued that the superintendent in charge of all of the remaining employees at a project of this magnitude is not such a representative of the corporation as contemplated by the legislature to apprise the corporation that an action had been commenced. The lower court was justified in finding that the person served was such an agent of the construction company. The service could reasonably be expected to result in prompt notice to the corporation with adequate opportunity to defend. This court will not reverse that finding unless unsupported by evidence or obviously influenced by error of law. See, *e. g., Bass v. American Products Export and Import Corporation,* 124 S. C. 346, 117 S. E. 594, 30 A. L. R. 168 (1923).

The next issue for determination is whether the construction company was transacting business in Colleton County at the time of the service of the complaint on May 18, 1967. The order appealed from states

that counsel for the construction company conceded that it was doing business in Colleton County. However, inasmuch as an exception raises the contention that it was not transacting business we will briefly rule on the issue. It is sufficient to say that the exeception is without merit since the construction company had not completed this project and still admittedly had sixteen employees on the job. The cases relied on by the construction company indicate that occasional or casual transactions may not constitute "transacting business" as contemplated by Section 10-421. See *Seegars v. WIS-TV*, 236 S. C. 355, 114 S. E. (2d) 502 (1950), and *Thomas & Howard Co. v. Marion Lumber Co.*, 232 S. C. 304, 101 S. E. (2d) 848 (1958). These cases dealt with isolated acts of solicitation of advertising or occasional deliveries in the particular counties. Such acts are not analogous to a prolonged construction project. See *Atkinson v. Korn Industries*, 219 S. C. 402, 65 S. E. (2d) 465 (1951) in which a single logging contract was held to be "transacting business." In that case this court said: "It is generally held that for a corporation to transact business within the meaning of such a statute, the business transacted by it in the County must be part of its usual or ordinary business and must be continuous in the sense of being distinguishable from mere casual, occasional, or isolated transactions."

The mobile trailer office and other equipment, admittedly owned by the construction company in Colleton County, and inferentially there during the period of construction, is sufficient to meet the property ownership requirements of Section 10-421, as the circuit judge held. The contention of the construction company that this is not property, as contemplated by the code section, is based on cases which hold that temporary presence of property in a county is not necessarily ownership of property in that county for purposes of service of process. The cases of *Brown v. Palmetto Baking Co.*, 220 S. C. 385, 66 S. E. (2d) 417 (1951) (temporary presence of a delivery truck)

and *Hopkins v. Sun Crest Bottling Co.,* 228 S. C. 287, 89 S. E. (2d) 755 (1955) (temporary presence of bottles and crates) are not influencing here because the facts are not similar.

We conclude, as did the lower court, that all the requirements for service of process under Section 10-421 were properly met and the motion to quash service was correctly denied.

Several days after this action was commenced in Colleton County, an action was commenced in York County by the construction company as plaintiff against the chemical company as defendant for the foreclosure of a mechanic's lien, which lien had been filed prior to the commencement of the Colleton County action. It is obvious that the issues raised in the two separate suits involved largely, though not entirely, the same issues and the same debt contest.

Simultaneously with the motion to quash in the Colleton County action, the construction company served an "objection to jurisdiction" and requested the lower court to hold that the Colleton County court had no jurisdiction since the action which had subsequently been commenced in York County to foreclose a mechanic's lien involved land, and such should be tried in York County. The lower court overruled the objection to jurisdiction and held that the issue, if valid, must be raised by way of a motion to change venue. We are of the opinion that the judge correctly so held. While it is true that Section 10-301 provides that an action involving rights to real estate must be tried in the county in which the subject of the action is situated, and while Section 45-264 provides that a mechanic's lien may be enforced by petition to the court of common pleas for the county in which the building or structure involved is situated, we cannot say that the subsequent institution of the action in York County divested the Court of Common Pleas of Colleton County of jurisdiction in this declaratory judgment action. If for any reason this case should not pro-

ceed to final adjudication in Colleton County such may be pursued by way of a motion to change the venue.

It would appear from the answer of the chemical company in the York County action that a motion to abate and/or stay the suit in York County is pending. At the same time, the question of where the issues involved in this dispute should be tried, and whether a consolidation should be brought about, was not before the lower court and is accordingly not before this court at this time. If both actions are permitted to proceed to a final determination it is conceivable that conflicting final results might be reached, which must of course be avoided, but the procedure for such avoidance is a matter for one or both of the trial courts involved, and the litigants may approach this problem as they be advised.

Accordingly the lower court is

Affirmed.

Moss, C. J., and Lewis and Bussey, JJ., concur.

Brailsford, J., did not participate.