693 S.E.2d 27

**Gary MULL, Respondent,**

v.

**RIDGELAND REALTY, LLC d/b/a Boat N RV Mega Store, Appellant.**

No. 4663.

Court of Appeals of South Carolina.

Heard Feb. 11, 2010.

Decided March 29, 2010.

---

480

Darrell T. Johnson, Jr., of Hardeeville, for Appellant.

R. Thayer Rivers, Jr., of Ridgeland, for Respondent.

WILLIAMS, J.

In this case, we must determine whether the Special Referee erred in (1) refusing to set aside a default judgment due to insufficient service of process; (2) finding Ridgeland Realty,

LLC (Ridgeland Realty) made a voluntary appearance under Rule 4(d), SCRCP, thereby waiving any defects in service of process; (3) failing to set aside the default judgment because the award was grossly out of proportion with the evidence of actual damages; and (4) granting relief that amounted to splitting attorneys' fees with a layman. We affirm in part, reverse in part, and remand.

## FACTS & PROCEDURAL HISTORY

### a. The RV Sale

Respondent Gary Mull (Mull) is a minister who resides in Gainesville, Florida. On or about March 24, 2007, Mull was traveling with his family through Jasper County, South Carolina, along Interstate 95 when he saw Boat N RV Mega Store (Boat N RV) near the city of Ridgeland, South Carolina. Mull decided to stop at Boat N RV to look at recreational vehicles. While there, Mull took a particular interest in a Gulfstream model (the RV), the price of which was listed as $222,494. While Mull did not have any intention of buying a motor home that day, he had recently made some investments that, if successful, would make buying the RV feasible.

Mike Simard (Simard), an employee of Boat N RV, approached Mull to discuss buying the RV. Simard told Mull if he was interested, Mull would have to put down a $5,000 deposit. Simard assured Mull any deposit he put down would only be to hold the RV and would be completely refundable if Mull was unable to procure financing. Eventually, Mull agreed to give a $1,000 deposit. Before he left Boat N RV, Mull signed and dated a Buyer's Order/Bill of Sale.

A few weeks later, Mull called Simard to tell him his investments had not been successful. Mull told Simard he was no longer interested in buying the RV, and he would like his $1,000 deposit refunded. Simard refused, telling Mull, "Well, as far as I'm concerned, the sale is going forward." A week later, Mull received a Bill of Sale from Boat N RV in the mail showing the list price of $222,494, along with a letter from an attorney stating Mull was liable for the purchase price of the RV. Although Mull's signature was at the bottom of the Bill of Sale, he claims he did not remember seeing such a document. Thereafter, Mull began receiving letters from

Ridgeland Realty's attorney claiming Mull had signed a valid contract, and the matter was turned over to arbitration. Mull also began to receive demands for payment from the American Arbitration Association (AAA).

### b. The Lawsuit

On May 2, 2007, Mull hired an attorney, to whom he paid a retainer fee of $2,500. On June 15, 2007, Mull filed a lawsuit against Ridgeland Realty d/b/a Boat N RV in the Jasper County Court of Common Pleas asserting claims for violation of the South Carolina Unfair Trade Practices Act (SCUTPA).

The registered agent for service listed in the Secretary of State's office for Ridgeland Realty is Mr. Matthew Sgambetterra (Sgambetterra) at 401 Sycamore Drive, Ridgeland, SC 29936 (the South Carolina Address). However, Sgambetterra neither lives nor works in South Carolina; rather, his address is 323 Ushers Road, Clifton Park, NY 12065 (the New York Address).

On June 19, 2007, Mull's attorney mailed a copy of the summons and complaint to Ridgeland Realty via certified mail, restricted delivery, return receipt requested, to Sgambetterra at the South Carolina Address. Samantha Williamson, a receptionist at Boat N RV, signed the return receipt on June 21, 2007. Also on June 19, 2007, Mull's attorney mailed a copy of the summons and complaint via certified mail, restricted delivery, return receipt requested, to Sgambetterra at the New York Address. Sgambetterra signed the return receipt on June 27, 2007.

On July 18, 2007, Mull's attorney received a letter from Sgambetterra, in which Sgambetterra acknowledged receipt of the summons and complaint sent June 19, 2007, but requested Mull voluntarily dismiss the action because Boat N RV had already filed a demand for arbitration. On July 25, 2007, Mull's attorney sent Sgambetterra's office a letter informing him the thirty-day deadline for filing an answer was going to expire in two days. In response, Sgambetterra's office requested an extension of time to file an answer, which Mull's attorney granted.[1] However, Sgambetterra never filed an answer.

---

1. The record does not contain any documentary evidence of Sgambetterra's request for an extension of time. However, at the May 19, 2007

### c. The Default Judgment

On September 4, 2007, Mull filed a motion for default judgment. The Honorable Carmen T. Mullen granted the motion on September 25, 2007. On November 9, 2007, a Special Reference hearing was held before the Honorable Luke N. Brown, Jr. (the Special Referee) to take testimony from Mull and his wife. On November 19, 2007, the Special Referee awarded Mull $10,000 in actual damages. The Special Referee arrived at this figure by taking into account (1) the $2,500 retainer fee, (2) the $1,000 deposit, (3) filing fees, service fees, and court costs, (4) two trips from Florida to South Carolina, and (5) a $125 charge from the AAA. The Special Referee then trebled the $10,000 actual damages to $30,000 on the grounds that "the requisites of the Unfair Trade Practices [Act] have been met and [Mull] is entitled to trebling of [the $10,000]." Finally, the Special Referee award-ed Mull $10,000 in attorneys' fees.[2]

On January 30, 2008, Ridgeland Realty filed a motion under Rule 60(b) to set aside the default judgment on the grounds of (1) insufficient service, (2) excusable neglect, (3) Ridgeland Realty is merely a landlord for Boat N RV, and is not in the business of selling goods,[3] and (4) the amount of the judgment was excessive. The Special Referee denied this motion on May 30, 2008.[4] On June 6, 2008, Ridgeland Realty filed a Rule

Special Reference hearing, Mull's attorney stated one of Sgambetterra's associates contacted him via telephone to ask for an extension. Coun-sel for Ridgeland Realty's did not deny this; his only response was that being granted the extension did not constitute a voluntary appearance pursuant to Rule 4(d), SCRCP.

2. On November 19, 2007, Mull's attorney filed an affidavit in which he stated a reasonable fee for his services in this matter would be $10,000. He also stated Mull had already paid $2,500 of that $10,000 with his retainer fee.

3. Ridgeland Realty does not make this argument on appeal.

4. The Special Referee did, however, make a correction to the original order of default judgment. In the original order, it appeared the Special Referee was awarding Mull $10,000 in actual damages *and* $30,000 in treble damages. Thus, when combined with the $10,000 in attorneys' fees, the order appeared to be awarding Mull a total of $50,000. In the May 30 order, the Special Referee corrected this error,

59(e), SCRCP, motion on the same grounds as its Rule 60(b) motion. The Special Referee denied this motion on July 28, 2008. Ridgeland Realty served its notice of appeal on August 6, 2008. This appeal followed.

## STANDARD OF REVIEW

■■■ The decision whether to set aside an entry of default or a default judgment lies solely within the sound discretion of the trial court. *Roberson v. S. Fin. of S.C., Inc.,* 365 S.C. 6, 9, 615 S.E.2d 112, 114 (2005). The trial court's decision will not be disturbed on appeal absent a clear showing of an abuse of that discretion. *Id.* An abuse of discretion occurs when the judgment was controlled by some error of law or when the order, based upon factual, as distinguished from legal conclusions, is without evidentiary support. *Id.*

## LAW & ANALYSIS

### a. Service of Process

Ridgeland Realty argues the service upon Sgambetterra at the New York Address was ineffective because even though Sgambetterra is the registered agent for Ridgeland Realty and Sgambetterra signed the return receipt, it was not sent to the address listed with the Secretary of State. We disagree.

■■■ "The principal object of service of process is to give notice to the defendant corporation of the proceedings against it." *Burris Chemical, Inc. v. Daniel Const. Co.,* 251 S.C. 483, 487, 163 S.E.2d 618, 620 (1968). "Rule 4, SCRCP, serves at least two purposes. It confers personal jurisdiction on the court and assures the defendant of reasonable notice of the action." *Roche v. Young Bros., Inc. of Florence,* 318 S.C. 207, 209, 456 S.E.2d 897, 899 (1995). Exacting compliance with the rules is not required to effect service of process. *Id.* at 209–10, 456 S.E.2d at 899. "Rather, [the court must] inquire whether the plaintiff has sufficiently complied with the rules such that the court has personal jurisdiction of the defendant and the defendant has notice of the proceedings." *Id.* at 210, 456 S.E.2d at 899.

---

stating Mull was awarded $10,000 in attorneys' fees and $30,000 in damages, for a total of $40,000.

■ Pursuant to section 15–9–210(b) of the South Carolina Code (Supp.2007), corporations "may be served . . . by registered or certified mail, return receipt requested, addressed to the office of the registered agent, or the office of the secretary of the corporation at its principal office." The issue here is whether service via certified mail to a registered agent sent to the agent's out-of-state address constitutes service "to the office of the registered agent" under section 15–9–210(b). The statute does not explicitly define "the office of the registered agent," and we find no case law defining that phrase. Consequently, we turn to our rules of statutory interpretation to resolve this question.

"All rules of statutory construction are subservient to the one that the legislative intent must prevail if it can be reasonably discovered in the language used, and that language must be construed in light of the intended purpose of the statute." *Broadhurst v. City of Myrtle Beach Election Comm'n,* 342 S.C. 373, 380, 537 S.E.2d 543, 546 (2000). Courts should give words "their plain and ordinary meaning without resort to subtle or forced construction to limit or expand the statute's operation." *Sloan v. S.C. Bd. of Physical Therapy Exam'rs,* 370 S.C. 452, 469, 636 S.E.2d 598, 607 (2006). In interpreting a statute, the language of the statute must be read in a sense which harmonizes with its subject matter and accords with its general purpose. *Hitachi Data Sys. Corp. v. Leatherman,* 309 S.C. 174, 178, 420 S.E.2d 843, 846 (1992). "Any ambiguity in a statute should be resolved in favor of a just, equitable, and beneficial operation of the law." *Bennett v. Sullivan's Island Bd. of Adjustment,* 313 S.C. 455, 458, 438 S.E.2d 273, 274 (Ct.App.1993). Courts will reject a statutory interpretation which would lead to a result so plainly absurd that it could not have been intended by the Legislature or would defeat the plain legislative intention. *Unisun Ins. Co. v. Schmidt,* 339 S.C. 362, 368, 529 S.E.2d 280, 283 (2000).

We find the service to the New York Address in this case was proper under the statute. First, we believe the service fulfilled the intent of the statute. It is undisputed that Sgambetterra received the summons and complaint and signed the return receipt on June 27, 2007. Moreover, Sgambetterra sent Mull's attorney a letter acknowledging receipt. Thus, the principal object of service was achieved in this case because

the service was sufficient to put Sgambetterra—and, by extension, Ridgeland Realty—on notice of Mull's claim. *See Burris Chemical,* 251 S.C. at 487, 163 S.E.2d at 620 ("The principal object of service of process is to give notice to the defendant corporation of the proceedings against it.").

Second, we believe the service complies with the actual language of the statute. Section 15–9–210(b) provides that corporations "may be served ... by registered or certified mail, return receipt requested, *addressed to the office of the registered agent,* or the office of the secretary of the corporation at its principal office." (emphasis added). Mull sent the service via certified mail, return receipt requested, and addressed it to Sgambetterra's office in New York. Thus, even though Sgambetterra's office was not located at the South Carolina Address, the service was nonetheless "addressed to the office of the registered agent" as mandated by section 15–9–210(b).

Ridgeland Realty states in its brief, "[i]t is undisputed that the address of the registered agent is [the South Carolina Address]." This is an inaccurate statement inasmuch as Ridgeland Realty conceded Sgambetterra lives and works in New York and has only come to South Carolina "on occasion." Ridgeland Realty would have us define "the office of the registered agent" so narrowly that service on Sgambetterra in this case would have only been proper if it were sent to the South Carolina Address *and* Sgambetterra had signed the return receipt. To interpret the statute as *only* allowing plaintiffs to serve process on registered agents at the address listed with the Secretary of State would lead to an absurd result where, as here, the registered agent neither lives nor works in South Carolina.

Accordingly, we believe service on Ridgeland Realty through Sgambetterra at the New York Address was proper. Consequently, we need not address the issue of whether Ridgeland made a voluntary appearance by requesting an extension of time. *See Futch v. McAllister Towing of Georgetown, Inc.,* 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not address an issue if the resolution of a prior issue is dispositive).

### b. Default Judgment

■ Ridgeland Realty argues the Special Referee's judgment should be reversed because it resulted in a trebling of attorneys' fees. We agree.

■■ The SCUTPA permits recovery of actual damages. S.C.Code Ann. § 39–5–140(a) (Supp.2008).[5] Actual damages under the SCUTPA include special or consequential damages that are a natural and proximate result of deceptive conduct. *Taylor v. Medenica,* 324 S.C. 200, 219, 479 S.E.2d 35, 45 (1996). Section 39–5–140(a) also provides if a court finds a defendant's violation of the SCUTPA to be willful or knowing, the court shall award treble damages.[6] Finally, section 39–5–140(a) provides, "Upon the finding by the court of a violation of this article, the court shall award to the person bringing such action under this section reasonable attorney's fees and costs." Reading section 39–5–140(a) in its entirety leads to two conclusions: (1) actual damages are distinct from attor-

---

5. Section 39–5–140(a) provides: "Any person who suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by another person of an unfair or deceptive method, act or practice declared unlawful by § 39–5–20 may bring an action individually, but not in a representative capacity, to recover actual damages. If the court finds that the use or employment of the unfair or deceptive method, act or practice was a willful or knowing violation of § 39–5–20, the court shall award three times the actual damages sustained and may provide such other relief as it deems necessary or proper. Upon the finding by the court of a violation of this article, the court shall award to the person bringing such action under this section reasonable attorney's fees and costs."

6. In his November 19, 2007 Order, the Special Referee held that treble damages were appropriate in this case because "the requisites of the [SCUTPA] have been met[.]" Thus, the Special Referee did not make an explicit finding on the record that Ridgeland Realty's violations were "willful" and/or "knowing." However, we need not rule on the failure to make such a finding because Ridgeland Realty has not preserved that argument for appeal. "It is axiomatic that for an issue to be preserved for appeal, it must have been raised to and ruled upon by the trial court." *Wilder Corp. v. Wilke,* 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998). Although Ridgeland Realty challenges the default judgment as being "excessive," they do not specifically challenge the Special Referee's decision to treble the damages. That is to say, they do not argue their violations were not willful and/or knowing. Consequently, the decision to treble the actual damages has not been preserved for our review.

neys' fees, and (2) whereas actual damages are subject to trebling, attorneys' fees are not.

As stated above, a trial court's decision as to a default judgment will not be reversed absent an abuse of discretion, which occurs when the judgment is controlled by some error of law or is without evidentiary support. *Roberson*, 365 S.C. at 9, 615 S.E.2d at 114. We believe the Special Referee abused his discretion by crafting a judgment that resulted in a trebling of attorneys' fees.

First, the Special Referee awarded Mull $10,000 in actual damages. That amount was based, in part, on the $2,500 retainer fee Mull paid to his attorney. In other words, the Special Referee considered Mull's attorneys' fees to be part of Mull's actual damages. Consequently, when the Special Referee trebled the actual damages, this had the effect of awarding Mull three times the retainer fee. Thus, $2,500 became $7,500, which meant $7,500 of the $30,000 actual damages award was attributable to the retainer fee.

The Special Referee then awarded Mull, separate and apart from the actual damages, $10,000 in attorneys' fees, presumably based on Mull's attorneys' fee estimate. However, that estimate already included the same $2,500 retainer fee. Thus, between the actual damages and attorneys' fees, $17,500 of the $40,000 award was attributable to Mull's attorneys' fees, even though his actual attorneys' fees totaled only $10,000.

We believe the Special Referee's judgment was controlled by an error of law in that he awarded Mull attorneys' fees twice by counting attorneys' fees as actual damages. Consequently, we find this was an abuse of discretion.

## CONCLUSION

We affirm the Special Referee's order denying Ridgeland Realty's Rule 60(b) motion as to the finding that service was proper. However, we reverse as to the default judgment amount and remand for more specific findings as to damages and attorneys' fees.

**AFFIRMED IN PART, REVERSED IN PART AND REMANDED.**

SHORT and LOCKEMY, JJ., concur.