**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Deutsche Bank Trust Company Americas, as Trustee for Residential Accredit Loans, Inc., Pass-Through Certificates 2007-QH2, Respondent,

v.

Ashley Johnson Beshara as Trustee of the Revocable Trust Agreement for 2235 Shoreline Drive originally dated 3rd day of March 2010; Shoreline Farms Community Association, Inc.; Wells Fargo Bank, N.A.; Cadle Rock Joint Venture, L.P. an Ohio Limited Partnership, Curtis Rogers and Julie Rogers, Defendants,

Of whom Curtis Rogers, Julie Rogers and Ashley Johnson Beshara as Trustee of the Revocable Trust Agreement for 2235 Shoreline Drive originally dated 3rd day of March 2010 are the Appellants,

AND

Ashley Johnson Beshara as Trustee of the Revocable Trust Agreement for 2235 Shoreline Drive originally dated 3rd day of March 2010, Third-Party Plaintiff,

v.

Nationstar Mortgage LLC, Respondent.

Appellate Case No. 2023-001844

_____

Appeal From Charleston County

Kristi F. Curtis, Circuit Court Judge

Unpublished Opinion No. 2026-UP-277
Heard May 6, 2026 – Filed June 3, 2026

**AFFIRMED**

Mary Leigh Arnold, of Mary Leigh Arnold, PA, of Mt.
Pleasant, for Appellants Curtis Rogers and Julie Rogers.

David Conor Keys, of The Law Office of David Conor
Keys, LLC, of Charleston, for Appellant Ashley Johnson
Beshara.

Jasmine Kelly Gardner, of McGuireWoods LLP, of
Charlotte, North Carolina; Thomas A. Shook, of Cobb
Hammett & Andrews, LLC, of Mt. Pleasant; Jason
Alexander Richardson, of Columbia; Elizabeth Shuffler
Moore, of Shumaker Loop & Kendrick, LLP, and
Magalie Creech, both of Charleston, all for Respondent
Deutsche Bank Trust Company Americas.

Jasmine Kelly Gardner, of McGuireWoods LLP, for
Respondent Nationstar Mortgage, LLC.

**PER CURIAM:** In this foreclosure action, Ashley Beshara, as Trustee for the revocable trust holding title to 2235 Shoreline Drive (Property), and Curtis and Julie Rogers (the Rogerses) (collectively, Appellants), appeal the circuit court's denial of their motion for summary judgment and grant of summary judgment to Deutsche Bank and Nationstar on Appellants' counterclaims, cross-claims, and third-party claims. They also appeal the circuit court's denial of their motion to compel certain discovery. Appellants argue the circuit court erred by (1) failing to treat multiple Rule 40(j), SCRCP, dismissals as a dismissal on the merits; (2) finding their counterclaims, cross-claims, and third-party claims were barred by the statute of limitations; and (3) finding the counterclaims, cross-claims, and

third-party claims failed to raise a genuine issue of material fact for trial.  We affirm.

**FACTS/PROCEDURAL HISTORY**

The mortgage at issue originated in January 2007 when Curtis Rogers executed a promissory note (Note) in the amount of $1,500,000.00 in favor of Homecomings Financial, LLC (Homecomings).  The Rogerses then signed a mortgage (Mortgage), which along with the Note (collectively, Loan) encumbers the Property.  The Mortgage was recorded in Charleston County on January 24, 2007.  On September 8, 2009, Homecomings assigned the Mortgage to Aurora Loan Servicing, LLC (Aurora), which was recorded on September 15, 2009.  That same day, Aurora filed the first foreclosure action.  That action was ultimately removed from court's active trial roster for loss mitigation with leave to restore pursuant to a Rule 40(j) order entered March 9, 2010.  The case was reinstated to the active trial roster on March 10, 2011.

The Rogerses filed an answer, which they later amended, and added counterclaims against Aurora.  The circuit court then substituted Nationstar as the plaintiff on June 14, 2013.  The foreclosure action was again removed from the active trial roster with leave to restore pursuant to a second Rule 40(j) order on June 24, 2014.  The action was reinstated by order dated April 7, 2015.  The case was stricken from the trial roster for a final time pursuant to a third Rule 40(j) order entered on May 16, 2016.

Neither the Rogerses nor Nationstar reinstated the foreclosure action after the 2016 Rule 40(j) order.  Instead, Deutsche filed the current foreclosure action against Beshara on August 27, 2019.[1]  Beshara filed a motion to dismiss arguing the entry of the three Rule 40(j) orders in the prior action operated as a dismissal on the merits, and thus, this action was barred; she also asserted this action should be dismissed because the Rogerses were necessary parties.  The circuit court denied the motion to dismiss and granted the Rogerses leave to intervene as defendants.  Appellants then filed and served answers and counterclaims against Deutsche and cross-claims and third-party claims against Nationstar, alleging abuse of process, malicious prosecution, negligent misrepresentation, and unfair trade practices (SCUTPA), and requesting a declaratory judgment and an accounting.

---

[1] All parties agree the Property was conveyed to Beshara as Trustee and a deed was recorded reflecting the conveyance on August 9, 2010.

The Rogerses filed a motion for summary judgment as to the foreclosure action,[2] and Deutsche and Nationstar filed a motion for summary judgment as to Appellants' counterclaims, cross-claims, and third-party claims. The circuit court held a hearing on February 10, 2023. It issued an order denying the Rogerses' motion for summary judgment, finding the previous Rule 40(j) orders did not preclude this action. It also granted summary judgment for Deutsche and Nationstar as to Appellants' counterclaims, cross-claims, and third-party claims, finding that there were no genuine issues of material fact and all of the claims, save for the request for an accounting, were barred by the statute of limitations. Appellants filed motions to reconsider, which were denied. This appeal followed.

## ISSUES ON APPEAL

1. Did the circuit court err by finding that multiple Rule 40(j) motions did not operate as a decision on the merits and therefore did not bar the institution of this action?

2. Did the circuit court err by granting summary judgment to Deutsche and Nationstar as to all of Appellants' counterclaims, cross-claims, and third-party claims because there were no genuine issues of material fact as to any cause of action?

3. Did the circuit court err by finding all of Appellants' counterclaims, cross-claims, and third-party claims were barred by the statute of limitations?

4. Did the circuit court err by finding Beshara lacked standing to raise causes of action regarding the terms of the Loan?

5. Did the circuit court err by granting summary judgment to Deutsche and Nationstar when discovery had not been completed?

## STANDARD OF REVIEW

"In reviewing a grant of summary judgment, our appellate court applies the same standard as the [circuit] court under Rule 56(c), SCRCP." *Woodson v. DLI Props., LLC*, 406 S.C. 517, 528, 753 S.E.2d 428, 434 (2014). "A [circuit] court

---

[2] The Rogerses also filed a motion to compel, which the circuit court granted in part in the same order currently on appeal.

may properly grant a motion for summary judgment when 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Buonaiuto v. Town of Hilton Head Island*, 440 S.C. 144, 150, 889 S.E.2d 625, 628 (Ct. App. 2023) (quoting Rule 56(c)).

"When a party makes a motion for summary judgment, 'an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response . . . must set forth specific facts showing that there is a genuine issue for trial.'" *Coker v. Cummings*, 381 S.C. 45, 54, 671 S.E.2d 383, 388 (Ct. App. 2008) (quoting *S.C. Elec. & Gas Co. v. Combustion Eng'g, Inc.*, 283 S.C. 182, 188-89, 322 S.E.2d 453, 457 (Ct. App. 1984)). However, "[a] conclusory statement as to the ultimate issue in a case is not sufficient to create a genuine issue of fact for purposes of resisting summary judgment." *Shupe v. Settle*, 315 S.C. 510, 516-17, 445 S.E.2d 651, 655 (Ct. App. 1994). "In determining whether any triable issue of fact exists, the evidence and all inferences which can reasonably be drawn therefrom must be viewed in the light most favorable to the nonmoving party." *Quail Hill, L.L.C. v. County of Richland*, 387 S.C. 223, 235, 692 S.E.2d 499, 505 (2010) (quoting *Pye v. Estate of Fox,* 369 S.C. 555, 563, 633 S.E.2d 505, 509 (2006)).

**EFFECT OF RULE 40(j) DISMISSALS**

Appellants argue Rule 40(j) only allows for a one-time dismissal without prejudice and any further dismissals are "akin to a second dismissal under Rule 41, SCRCP, and [a] determination on the merits," so the circuit court erred by allowing Deutsche to continue to prosecute this current action. We disagree.

"In interpreting the meaning of the South Carolina Rules of Civil Procedure, this court applies the same rules of construction used to interpret statutes." *Pers. Care, Inc. v. Theos*, 426 S.C. 78, 85, 825 S.E.2d 281, 285 (Ct. App. 2019); *see also Books-A-Million, Inc. v. S.C. Dep't of Revenue*, 437 S.C. 640, 642, 880 S.E.2d 476, 477 (2022) ("We review questions of statutory interpretation de novo."). "If a rule's language is plain, unambiguous, and conveys a clear meaning, interpretation is unnecessary and the stated meaning should be enforced." *Pers. Care, Inc.*, 426 S.C at 85, 825 S.E.2d at 285. Rule 40(j) states:

> A party may strike its complaint, counterclaim, cross-claim, or third[-]party claim from any docket one time as a matter of right, provided that all parties adverse to that claim . . . agree in writing that

it may be stricken, and all further agree that if the claim is restored upon motion made within 1 year or the date stricken, the statute of limitations shall be tolled as to all consenting parties during the time the case is stricken, and any unexpired portion of the statute of limitations on the date the case was stricken shall remain and begin to run on the date that the claim is restored . . . . Upon being restored, the case shall be placed on the General Docket and proceed from that date as provided in this rule.

Rule 40(j) and Rule 41, SCRCP, are separate rules governing different situations. Rule 40 is titled "General Docket, Trial Rosters, and Call of Cases for Trial" and governs the maintenance of the court's docket and trial roster. On the other hand, Rule 41 is titled "Dismissal of Actions; Non-Suit" and discusses the effect of both voluntary and involuntary dismissals. Notably, the cover sheets used for the orders in this case allow the circuit court to check a box to denote the type of order being issued. Among the choices, one says, "Action Dismissed" and references Rule 41(a); however, all the orders in this case are instead marked, "Action Stricken," which references Rule 40(j).

Rule 40(j) does not contain any language indicating that a party is allowed only one dismissal under the rule or that a second dismissal operates as an adjudication on the merits. Rather, the rule states that the party may strike its complaint "one time *as a matter of right*." *See* Rule 40(j) (emphasis added). However, it is silent as to the effect of multiple dismissals or requests to dismiss under this rule. *Id.* On the other hand, Rule 41 contains a provision expressly stating that "a *notice* of dismissal operates as an adjudication upon the merits when filed by a plaintiff *who has once dismissed in any court of the United States or of any state an action based on or including the same claim*." *See* Rule 41(a)(1) (emphases added). Case law discussing the federal version of Rule 41, as well as cases from states with a similar version of our rule, makes a clear distinction between cases dismissed by notice and those dismissed by motion, stipulation, or order. *See, e.g.*, *Manning v. S.C. Dep't. of Highway & Pub. Transp.*, 914 F.2d 44, 47 n.3 (4th Cir. 1990) (explaining "[t]he two dismissal rule applies when the second dismissal is by notice, but not when the defendant is dismissed by motion or stipulation"); *ASX Inv. Corp. v. Newton*, 183 F.3d 1265, 1268 (11th Cir. 1999) (noting that the "primary purpose of the 'two dismissal rule' is to prevent an unreasonable abuse of the plaintiff's *unilateral* right to dismiss" but that "[a] dismissal obtained by motion and order of the court under Rule 41(a)(2) *or similar state rule* is not unilateral and does not pose the same danger of abuse or harassment as does a Rule 41(a)(1) dismissal by plaintiff's notice" (emphases

added) (citations omitted); *Est. of Livesay ex rel. Morely v. Livesay*, 723 S.E.2d 772, 776 (N.C. Ct. App. 2012) (stating that the first element of the two dismissal rule is that "the plaintiff must have filed the notices to dismiss under Rule 41(a)(1)(i), since . . . the two dismissal rule does not apply where the plaintiff's dismissal is by stipulation or by order"); *Crawford v. Kingston*, 728 S.E.2d 904, 906 (Ga. Ct. App. 2012) (finding that even though the plaintiff requested dismissal of a previous action, "the dismissal itself was by an order of the [] court" and therefore, "that dismissal was involuntary" for purposes of the two dismissal rule). The distinction is important here because even if Appellants were correct that Rule 41 somehow applied, the prior foreclosure action was always stricken via a signed order—i.e., by the court—not a notice. Accordingly, we hold the circuit court did err in finding that multiple Rule 40(j) dismissals in the prior action did not act as an adjudication on the merits, and Deutsche and Nationstar should not be barred from maintaining this action on that basis. *See Pers. Care, Inc.*, 426 S.C. at 85, 825 S.E.2d at 285 ("If a rule's language is plain, unambiguous, and conveys a clear meaning, interpretation is unnecessary and the stated meaning should be enforced."); *Buonaiuto*, 440 S.C. at 150, 889 S.E.2d at 628 ("A [circuit] court may properly grant a motion for summary judgment when 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" (quoting Rule 56(c))).[3]

Finally, we note that the Rogerses consented to at least two of the three Rule 40(j) dismissals in this case. Although they contend that they did so because they believed the dismissals would end the case with prejudice, they never presented this argument to the circuit court and obtained a ruling on it or requested language to that effect in the orders. The case was stricken by the second Rule 40(j) order on June 24, 2014, which specifically stated the action was "stricken from the active roster with leave to restore." The order reinstating that action for the third time was filed April 7, 2015. The Rogerses asserted at oral argument that they did not

---

[3] Beshara also asserts that collateral estoppel bars the second action. Our holding that subsequent Rule 40(j) motions do not constitute an adjudication on the merits would also prevent the application of collateral estoppel. *See Crosby v. Prysmian Commc'ns Cables & Sys. USA, LLC*, 397 S.C. 101, 109, 723 S.E.2d 813, 817 (Ct. App. 2012) (explaining that "[a] party claiming preclusive effect under collateral estoppel must demonstrate that the particular issue was '(1) actually litigated in the prior action; [and] (2) directly determined in the prior action'" (quoting *Carolina Renewal, Inc. v. S.C. Dep't of Transp.*, 385 S.C. 550, 554, 684 S.E.2d 779, 782 (Ct. App. 2009))).

consent to that third restoration order; however, the record indicates the order was timely served upon them in April 2015, and there is no evidence before us that the Rogerses objected to that order (or any of the others) or raised the argument regarding multiple dismissals to the circuit court at that time. The final order striking the case was entered on May 16, 2016, and the emails attached to the Form 4 order show that the Rogerses specifically requested the order state the dismissal was pursuant to Rule 40(j).[4] *See, e.g.*, *Brown v. Singletary*, 226 S.C. 482, 484, 85 S.E.2d 738, 738 (1955) (stating that a party "cannot take [its] chances of a successful issue, reserving vices in the trial, of which [it] has notice, for use in case of disappointment in the result").

## GENUINE ISSUES OF MATERIAL FACT

Appellants contend the circuit court erred because they established all necessary elements as to all their claims, or, in the alternative, that genuine issues of fact precluded the grant of summary judgment for Deutsche and Nationstar. We disagree.

### A. Malicious Prosecution

Appellants assert that they set forth all of the required elements of malicious prosecution because, among other reasons, the prior foreclosure action ended favorably to them because the case was dismissed and dismissals pursuant to Rule 40(j) are an adjudication on the merits.

"[T]o maintain an action for malicious prosecution, a plaintiff must establish: (1) the institution or continuation of original judicial proceedings; (2) by or at the instance of the defendant; (3) termination of such proceedings in [the] plaintiff's favor; (4) malice in instituting such proceedings; (5) lack of probable cause; and (6) resulting injury or damage." *Pallares v. Seinar*, 407 S.C. 359, 366, 756 S.E.2d 128, 131 (2014) (quoting *Law v. S.C. Dep't of Corr.*, 368 S.C. 424, 435, 629 S.E.2d 642, 648 (2006)). "Whether probable cause exists is ordinarily a jury question, but it may be decided as a matter of law when the evidence yields only one conclusion." *Id.* at 367, 756 S.E.2d at 132.

We agree with the circuit court that Appellants' claim for malicious prosecution fails as a matter of law because they cannot show the "termination of . . . proceedings in [their] favor." *Id.* at 366, 756 S.E.2d at 131. We

---

[4] We acknowledge that the final order was simply a Form 4 with no formal order.

acknowledge our case law states that "there is a basis . . . for considering a case stricken pursuant to [Rule 40(j)] as the equivalent of dismissed." *Goodwin v. Landquest Dev., LLC*, 414 S.C. 623, 630-31, 779 S.E.2d 826, 830 (Ct. App. 2015). We interpret *Goodwin* to say that a case stricken pursuant to Rule 40(j) is *functionally* equivalent to a dismissal because it removes the case from the active trial roster. *See* Rule 40, SCRCP, Note on 1994 Amendments ("Rule 40 addresses problems in the scheduling of cases and substantially revises the way jury cases are called for trial."). Additionally, even if *Goodwin* is interpreted to mean that a Rule 40(j) *is* a dismissal, we find that simply dismissing a case is not a resolution in Appellants' favor, particularly when as we have explained above, the dismissal was not an adjudication on the merits. *See Gecy v. Somerset Point at Lady's Island Homeowners Ass'n, Inc.*, 426 S.C. 540, 553, 828 S.E.2d 73, 80 (Ct. App. 2019) ("[W]e interpret the element of favorable termination of proceedings to mean a termination reflective of the merits."); *id.* ("This interpretation means a termination consistent with a finding for the defendant *on substantive grounds* and not based solely on technical or procedural considerations." (emphasis added)). Therefore, we affirm the circuit court's grant of summary judgment in favor of Deutsche and Nationstar as to this claim.

### B. Abuse of Process

Appellants argue Deutsche and Nationstar improperly used the legal process for "an illegitimate collateral objective" and point to the Rule 40(j) dismissals and the filing of this current action to support their contention that Deutsche and Nationstar operated outside the bounds of standard legal procedures.

"[T]he tort of abuse of process, as distinguished from that of malicious prosecution, involves the malicious misuse or perversion of the process, after its issuance, for an end not lawfully warranted by it." *Johnson v. Painter*, 279 S.C. 390, 391, 307 S.E.2d 860, 860 (1983). "The essential elements of abuse of process are: (1) an ulterior purpose; and (2) a wil[l]ful act in the use of the process not proper in the regular conduct of the proceeding." *Id.* "Some definite act or threat not authorized by the process or aimed at an object[ive] not legitimate in the use of the process is required." *Hainer v. Am. Med. Int'l, Inc.*, 328 S.C. 128, 136, 492 S.E.2d 103, 107 (1997). "The improper purpose usually takes the form of coercion to obtain a collateral advantage, not properly involved in the proceeding itself." *Id.*

We find Appellants failed to show any purpose, other than foreclosing on Property, for bringing either the original action or this current action, nor did Appellants present any evidence of threats or coercion. *See id.* at 138-39, 492

S.E.2d at 108 (holding a nurse failed to prove abuse of process against the hospital she formerly worked for when the only "act" she pointed to was that the hospital "delayed filing its complaint . . . for several months"). Further, an abuse of process claim must rest on actions occurring "*after its issuance*." *Painter*, 279 S.C. at 391, 307 S.E.2d at 860 (emphasis added). Thus, to the extent Appellants rely on the filing of this current action as support for this claim, it must fail as a matter of law. *Id.* ("[T]he tort of abuse of process . . . involves the malicious misuse or perversion of the process, after its issuance . . . ").[5] Finally, for the reasons discussed above, the Rule 40(j) dismissals do not constitute acts "not authorized by the process or aimed at an object[ive] not legitimate in the use of the process" to support this claim. *See Hainer*, 328 S.C. at 136, 492 S.E.2d at 107. We therefore affirm the grant of summary judgment in favor of Deutsche and Nationstar as to the abuse of process claims.

## C. Negligent Misrepresentation

Appellants assert Deutsche and Nationstar made misrepresentations because the Note "is a pick [and] pay loan with a negative amortization feature" and the monthly statements "contain inaccurate and misinformation." They also contend that "Deutsche and/or Nationstar's statements regarding their right to file foreclosure against Appellant[s] constitute negligent misrepresentation."

In a claim for negligent misrepresentation where the damage alleged is monetary loss, the claimant must prove the following elements:

> (1) the defendant made a false representation to the plaintiff; (2) the defendant had a pecuniary interest in making the statement; (3) the defendant owed a duty of care to see that he communicated truthful information to the plaintiff; (4) the defendant breached that duty by failing to exercise due care; (5) the plaintiff justifiably relied on the representation; and (6) the plaintiff suffered a pecuniary loss as the proximate result of his reliance upon the representation.

---

[5] Additionally, as noted by the circuit court, Beshara was not a party to the original action; thus, even if there was evidence of misconduct during that action, it would not supply Beshara with a basis to maintain this claim.

*West v. Gladney*, 341 S.C. 127, 133-34, 533 S.E.2d 334, 337 (Ct. App. 2000) (quoting *AMA Mgmt. Corp. v. Strasburger*, 309 S.C. 213, 222, 420 S.E.2d 868, 874 (Ct. App. 1992)).

Appellants' negligent misrepresentation claims fail as a matter of law because there is no evidence in the record before us setting forth the specific statements that were allegedly false representations, who made them, or when, nor that Appellants relied on any of the alleged misrepresentations. In fact, Appellants have clearly not relied on any of the allegedly false statements, as they have contested the propriety of the foreclosure since 2009—almost seventeen years. *See West*, 341 S.C. at 133-34, 533 S.E.2d at 337 (stating that to prevail on a claim for negligent misrepresentation, the plaintiff must show justifiable reliance on the representation). Because Appellants have not relied on any alleged misrepresentations, they have not been damaged. Furthermore, Beshara did not provide any evidence of the losses she purportedly suffered regarding a diminution in the Property's value because of this lawsuit or the costs associated with family "strife and tension." Similarly, when Curtis Rogers was asked whether he had expended or lost any money because of his reliance on the alleged misrepresentations, he stated he did not recall. The only money he could remember paying was "a check written for one of the workouts"—an agreement he voluntarily entered. *See id.* (explaining that one element of negligent misrepresentation is that a "plaintiff suffered a pecuniary loss *as the proximate result of his reliance on the representation*" (emphasis added)).[6] Accordingly, we affirm the circuit court's grant of summary judgment to Deutsche and Nationstar as to these claims.

### D. SCUTPA

The Rogerses assert Deutsche and Nationstar's attempts to collect a debt "through deception or unfair means also cause[d] 'ascertainable loss.'" Beshara argues that Deutsche and Nationstar's "intentional delays and improper coercive, tactical acts . . . to avoid the issues" raised by the Rogerses in the first action caused them to file this action naming her as the plaintiff instead. Both contend

---

[6] To the extent any of Appellants' claims are based on representations made during the first action, those claims are barred by the statute of limitations. S.C. Code Ann. § 15-3-530(1)-(2) (2005) (explaining the statute of limitations for actions "upon a contract, obligation, or liability" other than those secured by a mortgage and actions "upon a liability created by statute" is three years).

they have been damaged by Deutsche and Nationstar's unfair trade practices because they have incurred legal expenses in defense of the foreclosure actions.

SCUTPA prohibits "unfair or deceptive acts or practices in the conduct of any trade of commerce." S.C. Code Ann. § 39-5-20(a) (2023). SCUTPA "creates a private right of action in favor of '[a]ny person who suffers any ascertainable loss of money or property, real or personal, as a result of the use . . . by another person of an unfair or deceptive method, act[,] or practice.'" *Wright v. Craft*, 372 S.C. 1, 23, 640 S.E.2d 486, 498 (Ct. App. 2006) (quoting § 39-5-140(a)). However, "an unfair trade practices claim may not be brought in a representative capacity." *Wogan v. Kunze*, 366 S.C. 583, 609, 623 S.E.2d 107, 121 (Ct. App. 2005), *aff'd as modified*, 379 S.C. 581, 666 S.E.2d 901 (2008).

In order to recover pursuant to SCUTPA, "the plaintiff must show: (1) the defendant engaged in an unfair or deceptive act in the conduct of trade or commerce; (2) the unfair or deceptive act affected public interest; and (3) the plaintiff suffered monetary or property loss as a result of the defendant's unfair or deceptive act(s)." *Id.* "Actual damages under the SCUTPA include special or consequential damages that are a natural and proximate result of deceptive conduct." *Mull v. Ridgeland Realty, LLC*, 387 S.C. 479, 488, 693 S.E.2d 27, 32 (Ct. App. 2010). SCUTPA also states that, "upon the finding by the court of a violation . . . , the court shall award . . . reasonable attorney's fees and costs. § 39-5-140(a). Thus, "actual damages are distinct from attorney's fees." *Mull*, 387 S.C. at 488-89, 693 S.E.2d at 32.

Beshara's SCUTPA claim fails because it was brought in a representative capacity. *See Wogan*, 366 S.C. at 609, 623 S.E.2d at 121 ("[A]n unfair trade practices claim may not be brought in a representative capacity."). Beshara is not named in this action individually, but rather as Trustee for the Property. Further, it appears that Beshara's only claim of damages from any alleged unfair acts is that she has incurred legal fees to defend this action; however, legal fees alone are insufficient to support the damages element of a SCUTPA claim. *See Mull*, 387 S.C. at 488-89, 693 S.E.2d at 32 (explaining that when section 39-5-140(a) is read as a whole, it is clear that "actual damages are distinct from attorney's fees"). Regardless, to the extent that Beshara has incurred legal fees in defending this action, she has done so in her representative capacity, not as an individual.

Similarly, the Rogerses allege damages from defending the foreclosure actions.[7] They also broadly allege a variety of unfair or deceptive actions taken by Deutsche, Nationstar, and their predecessors in interest in their complaint. However, the only assertion of an allegedly unfair act we could locate in the record was Curtis Rogers's contention in his deposition that the terms of both the original note and "loan modification offer" were unreasonable because they resulted in monthly payments that he could not afford.[8] When asked whether he believed that a loan servicer engages in unfair or deceptive trade practices "if they don't offer [] a loan modification that is . . . tailored" to a borrower's specific needs, Curtis responded that he did not know how to answer that question. As to the impact of the allegedly unfair acts on the public interest, Curtis stated "the pick-and-pay loan [wa]s probably the most obvious situation that people have fallen prey to."

Neither the Rogerses nor Beshara offered any analysis of how these contentions support the elements of a SCUTPA claim. We find the Rogerses claim fails because a loan servicer's decision to offer terms deemed acceptable by a specific borrower is not an act or omission that affects the public interest. Further, even assuming, *arguendo*, that the act of offering this type of loan was an unfair or deceptive trade practice, the Rogerses did not point to any evidence suggesting these loans were offered to any other customers or that other consumers were harmed by them. Also, the monetary losses they allegedly suffered in defending the foreclosure actions are not compensable in the absence of actual damages. *Id.* Therefore, we affirm the circuit court's grant of summary judgment. *See Coker*, 381 S.C. at 54, 671 S.E.2d at 388 (explaining that "mere allegations or denials" contained in a party's pleadings is insufficient to create a genuine issue of material fact for trial); *Shupe*, 315 S.C. at 516-17, 445 S.E.2d at 655 ("A conclusory statement as to the ultimate issue in a case is not sufficient to create a genuine issue of fact for purposes of resisting summary judgment."); *Buonaiuto*, 440 S.C. at 150, 889 S.E.2d at 628 ("A [circuit] court may properly grant a motion for summary judgment when 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" (quoting Rule 56(c))).

---

[7] Again, we note that any claim for legal fees arising from the prior foreclosure action would be barred by the statute of limitations. *See* § 15-3-530(1)-(2) (three-year statute of limitations).

[8] Deutsche and Nationstar did not originate the Note and Mortgage, and the Rogerses do not contend that they entered into the Loan involuntarily or under duress.

## E. Declaratory Judgment

Appellants argue their claims for declaratory judgment are not duplicative of the underlying foreclosure action. Additionally, Appellants assert the circuit court erred by finding Deutsche had standing to initiate the current action because that issue was not before the court.[9]

"The decision to grant a declaratory judgment is a matter which rests in the sound discretion of the [circuit] court and will not be disturbed absent a clear showing of abuse." *Garris v. Governing Bd. of S.C. Reinsurance Facility*, 319 S.C. 388, 390, 461 S.E.2d 819, 820-21 (1995). "Declaratory relief will ordinarily be refused where another remedy will be more effective or appropriate under the circumstances." *Id.* at 390, 461 S.E.2d at 821. This court "should not serve as a substitute for 'a tribunal of original jurisdiction in issues that are ripe for litigation by the usual processes.'" *Smith v. S.C. Ret. Sys.*, 336 S.C. 505, 527-28, 520 S.E.2d 339, 351 (Ct. App. 1999) (quoting *Williams Furniture Corp. v. S. Coatings & Chem. Co.*, 216 S.C. 1, 8, 56 S.E.2d 576, 579 (1949)).

We agree with the circuit court that Appellants have not raised any issues necessitating a declaratory judgment which they cannot raise in defense of the foreclosure action. Essentially, Appellants are asking the circuit court to rule on the validity of their defenses prior to the adjudication of the foreclosure issue. Appellants' assertions regarding the unconscionability of the Note's terms, the chain of ownership of the Note and Mortgage, the process of a potential workout and the offered options, as well as Deutsche and Nationstar's conduct can be or have been litigated in this current action. *See Smith*, 336 S.C. at 527-28, 520 S.E.2d at 351 (instructing that this court "should not serve as a substitute for 'a tribunal of original jurisdiction in issues that are ripe for litigation by the usual processes'"). We affirm the circuit court's grant of summary judgment to Deutsche and Nationstar as to these claims.

## F. Accounting

---

[9] We do not interpret anything in the circuit court's lengthy and detailed order as addressing any contested issues on the merits except as necessary to adjudicate the issues raised by Deutsche's motion for summary judgment on Appellants' counterclaims.

Beshara argues the circuit court erred in finding a claim for an accounting "is not an affirmative cause of action." She asserts Appellants have pled that the loan terms and accounting are "extremely complicated" given the "fluctuating terms" and "varied fees" charged by Deutsche, Nationstar, and their predecessors in interest.

"[T]he equitable remedy of an 'accounting' . . . refers to 'an adjustment of the accounts of the parties and a rendering of a judgment for the balance ascertained to be due.'" *Hist. Charleston Holdings, LLC*, 381 S.C. at 427, 673 S.E.2d at 453 (quoting 1 Am. Jur.2d *Accounts & Accounting* § 52 (2005)). "[A]n accounting is designed to prevent unjust enrichment by disclosing and requiring the relinquishment of profits received as the result of a breach of a confidential or fiduciary duty." *Rogers v. Salisbury Brick Corp.*, 299 S.C. 141, 144, 382 S.E.2d 915, 917 (1989). "[E]quitable relief is generally available when there is no adequate remedy at law . . . ." *Key Corp. Capital, Inc., v. County of Beaufort*, 373 S.C. 55, 61, 644 S.E.2d 675, 678 (2007). Situations in which legal relief is inadequate and therefore an accounting may be a proper remedy in "actions involving long and complicated accounts where it would not be practicable for a jury to comprehend the issues and correctly make adjustment" and "when there is a need for discovery." *Rogers*, 299 S.C. at 144, 382 S.E.2d at 917.

Although Beshara asserts the account at issue is "extremely complicated," there is only one account at issue, and Appellants have stated throughout this case that Deutsche, Nationstar, and their predecessors have continuously sent monthly account statements. Further, the Loan originated in 2007 and it appears no payments have been made on the Loan, other than an unsuccessful workout agreement, since 2009. Thus, we find Beshara has not established that legal remedies are inadequate due to either the complicated nature of the account or the need for additional discovery. *See Rogers*, 299 S.C. at 144, 382 S.E.2d at 917 (explaining that an accounting may be a proper remedy include "actions involving long and complicated accounts where it would not be practicable for a jury to comprehend the issues and correctly make adjustment" and "when there is a need for discovery"). Accordingly, we affirm the circuit court as to this claim.

**DISCOVERY**

The Rogerses argue that they are entitled to the names of the witnesses who will testify so they can investigate and depose them and that they are prejudiced by not being provided this information.

"An affirmative duty does exist to answer interrogatories and respond to requests to produce." *CFRE, LLC v. Greenville Cnty. Assessor*, 395 S.C. 67, 83, 716 S.E.2d 877, 885 (2011); *see also* Rule 33(a), SCRCP ("Each interrogatory *shall* be answered separately and fully in writing under oath, unless it is objected to, in which event the reasons for objections shall be stated in lieu of an answer." (emphasis added)).  Rule 33 further states that "interrogatories shall be deemed to continue from the time of service, until the time of trial . . . so that information sought, which comes to the knowledge of a party . . . after original answers to interrogatories have been submitted, shall be promptly transmitted to the other party."  Rule 33(b), SCRCP.  "Therefore, there is a continuing duty on the part of the party from whom information is sought to answer a standard interrogatory, such as the one requesting the party list any [] witnesses whom the party proposes to use as a witness at the trial of the case."  *Bensch v. Davidson*, 354 S.C. 173, 182, 580 S.E.2d 128, 132 (2003).

We do not interpret the circuit court's order to mean that Deutsche does not have a duty to provide the name(s) of any fact witnesses, as the duty to turn over discovery is ongoing until trial, nor do we interpret the order to preclude Appellants from filing additional motions on this issue once a trial is scheduled.  *CFRE, LLC*, 395 S.C. at 83, 716 S.E.2d at 885 ("An affirmative duty does exist to answer interrogatories and respond to requests to produce."); *Bensch*, 354 S.C. at 182, 580 S.E.2d at 132 ("When it appears a violation of Rule 33 has occurred, it lies within the discretion of the [circuit] court to decide what sanction, if any, should be imposed.").

**AFFIRMED.**[10]

**THOMAS, HEWITT, and TURNER, JJ., concur.**

---

[10] Because our rulings on the above issues are dispositive, it is unnecessary for us to reach Appellants' remaining issues.  *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (stating that an appellate court need not address remaining issues when its resolution of a prior issue is dispositive).